Ian A. Stewart, Esq. (SBN 250689)
Adam E. Wayne, Esq. (SBN 332534)
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071-2407
Telephone:(213) 443-5100
Facsimile: (213) 443-5101
Ian.Stewart@wilsonelser.com
Adam.Wayne@wilsonelser.com

Attorneys for Defendant,
National School Boards Association

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JACKSON, et al., | Case No.: 2:22-cv-09438 AB (MAA) |
| Plaintiff, | **DEFENDANT NATIONAL SCHOOL BOARDS ASSOCIATION'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| TWITTER, INC., et al., | |
| Defendants. | **Date:       June 9, 2023**<br>**Time:       10:00 a.m.**<br>**Courtroom:   7B**<br>**Judge:      Hon. André Birotte Jr.** |

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 9, 2023 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable André Birotte Jr., United States District Judge, Central District of California, located in Courtroom 7B in 350 West 1st Street, Los Angeles, CA 90012, Defendant National School Boards Association ("NSBA") will, and hereby does, move the Court to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) and (6) on the grounds that Plaintiffs do not have Article III standing and their Complaint fails to state a claim (the "Motion").

The Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities in Support of NSBA's Motion to Dismiss and all exhibits thereto, any additional briefing, and the evidence and arguments presented to the Court at the hearing on this matter.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 21, 2023. NSBA initiated the meet-and-confer process with an email on April 14, 2023, and concluded the process with a phone conversation on April 21, 2023.

Dated:  April 26, 2023

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By: _/s/ Ian A. Stewart_____
Ian A. Stewart, Esq.
Attorneys for Defendants,
National School Boards Association

282265908v.3

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 3

I.  INTRODUCTION && BACKGROUND ............................................. 3

II.  STATEMENT OF RELEVANT FACTS CONCERNING THE NSBA ............................................................................................... 4

III.  LEGAL STANDARD ............................................................................. 5

IV.  ARGUMENT ............................................................................................. 6

  A.  Plaintiffs' Lack Article III Standing as to the Claims Against the NSBA ............................................................................. 6

   1.  Plaintiffs Fail to Allege an Injury in Fact .......................... 7

   2.  Plaintiffs Fail to Allege Harm that Is Traceable to NSBA or Redressable by the Court ................................. 8

  B.  Dismissal is Proper for Failure to Comply with Rule 8(a) ......... 9

  C.  Plaintiff's Claims Against NSBA Under 42 U.S.C. §1983, Voting Rights Act of 1964, and the California Unruh Act Fail Because the NSBA's Conduct is Protected by the Noerr-Pennington Doctrine ...................................................... 10

  D.  The First Cause of Action for Violation Of 42 U.S.C. §1983 Against NSBA Fails As a Matter Of Law ................... 12

   1.  Plaintiffs Fail to Allege That NSBA Acted Under Color of State Law ........................................................... 12

   2.  NSBA Is A Private Party, Not A State Actor Nor Acting "Under The Color Of State Law" ..................... 13

   3.  Plaintiffs Fail to Allege That NSBA Violated Their First Amendment Rights ............................................... 14

  E.  NSBA Joins in Apple, Inc.'s Section IV. of Apple, Inc.'s Motion to Dismiss – "Plaintiffs' Civil Rights Act Claim Fails Because They Do Not Allege That Apple, Inc. Acted

Under the Color of State Law, Discriminated Against Anyone Based on Race, Or Violated the Civil Rights Act." ................................................................................... 14

F.    Plaintiffs' Third Cause of Action For Violation of the California Unruh Act Against NSBA Fails as a Matter of Law ........................................................................... 14

G.    Plaintiffs' Claims For Injunctive and Declaratory Relief Fails And Must Be Dismissed .................................................. 15

DEFENDANT NATIONAL SCHOOL BOARDS ASSOCIATION'S NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Johnson*,
   355 F.3d 1179 (9th Cir. 2004)..................................................................6

*Allied Tube & Conduit Corp. v. Indian Head*,
   486 U.S. 492 (1988) ...............................................................................11

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*,
   526 U.S. 40, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999)........................12

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1988)....................................................................5

*Bell Atl. Corp. v. Twombly*,
   127 S. Ct. 1955 (2007) .............................................................................5

*Cal. Motor Transp. Co. v. Trucking Unlimited*,
   404 U.S. 508, 92 S. Ct. 609 (1972).........................................................10

*Central Ariz. Water Conservation Dist. v. EPA*,
   990 F.2d 1531 (9th Cir 1993)................................................................6, 8

*City of Reno v. Netflix, Inc.*,
   52 F.4th 874 (9th Cir. 2022) ...................................................................16

*Clapper v. Amnesty Int'l USA*,
   568 US 398 (2013) ....................................................................................8

*Elk Grove Unified Sch. Dist. v. Newdow*
   (2004) 542 U.S. 1 ......................................................................................7

*Empress LLC v. City and County of San Francisco*,
   419 F. 3d 1052 (9th Cir. 2005)................................................................12

*Evans Hotels, LLC v. Unite Here Local 30*
   433 F. Supp. 3d 1130 (2020)...................................................................11

*Fayer v. Vaughn*,
   649 F.3d 1061 (9th Cir. 2011) ..................................................................6

*Franchise Realty Interstate Corp. v. San Francisco Local Joint Executive Board of Culinary Workers et al.*,
   542 F.2d 1076 (9th Cir. 1976) ................................................................ 11

*Gottschalk v. City and Cty. of S.F.*,
   964 F. Supp. 2d 1147 (N.D. Cal. 2013) ................................................. 12

*Heineke v. Santa Clara Univ.*,
   965 F.3d 1009 (9th Cir. 2020) ............................................................... 13

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ............................................................................ 7, 8

*Manhattan Cmty. Access Corp. v. Halleck*,
   139 S. Ct. 1928 (2019) .......................................................................... 14

*McHenry v. Renne*,
   84 F.3d 1172 (9th Cir. 1996) ............................................................. 9, 10

*Morse v. North Coast Opportunities*,
   118 F.3d 1338 (9th Cir. 1997) ............................................................... 12

*Moss v. U.S. Secret Serv.*,
   572 F.3d 962 (9th Cir. 2009) ................................................................... 6

*Neurelis, Inc. v. Aquestive Therapeutics, Inc.*,
   71 Cal. App. 5th 769 (2021) .................................................................. 11

*Nevijel v. North Coast Life Ins. Co.*,
   651 F.2d 671 (9th Cir. 1981) ................................................................... 9

*NL Indus., Inc. v. Kaplan*,
   792 F.2d 896 (9th Cir. 1986) ................................................................... 6

*People ex rel. Gallegos v. Pacific Lumber Co.*,
   158 Cal. App. 4th 950 (2008) ................................................................ 10

*Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc.*,
   771 F.3d 632 (9th Cir. 2014) ................................................................. 16

*Solyndra Residual Trust v. Suntech Power Holdings Co.*,
   62 F. Supp. 3d 1027 (N.D. Cal. 2014) ..................................................... 6

*Sosa v. DIRECTV, Inc.*,
   437 F.3d 923 (9th Cir. 2006) ................................................................. 10

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) ................................................................................. 7

*Starr v. Baca*,
    633 F.3d 1191 (9th Cir. 2011).................................................................. 6

*Sutton v. Providence St. Joseph Med. Ctr.*,
    192 F.3d 826 (9th Cir. 1999)................................................................. 13

*Theme Promotions, Inc. v. News Am. Mktg*. FSI,
    546 F.3d 991 (9th Cir. 2008)................................................................. 10

*United Mine Workers v. Pennington*,
    381 U.S. 657 (1965) .............................................................................. 12

*United States v. City & County of San Francisco*,
    979 F2d 169 (9th Cir 1992).................................................................... 6

*Vasquez v. L.A. County*,
    487 F3d 1246 (9th Cir 2007)................................................................... 7

**Statutes**

42 U.S.C. §1981........................................................................................ 12

42 U.S.C. §1983........................................................................... 10, 12, 13

Cal.Civ.Code § 51(b)................................................................................ 15

**Rules**

Rule 8(a) ............................................................................................ 9, 10

**Constitutional Provisions**

US Const, art III, § 2 ................................................................................ 6

DEFENDANT NATIONAL SCHOOL BOARDS ASSOCIATION'S NOTICE OF MOTION AND MOTION TO DISMISS

282265908v.3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION & BACKGROUND

Plaintiffs, RICHARD JACKSON, JULIE BRIGGS, and GREGG BUCHWALTER ("Plaintiffs") bring this instant lawsuit against alleging a vast so-called conspiracy between eight of the world's largest technology and media companies, the American Federation of Teachers ("AFT"), the National Education Association ("NEA"), the National School Boards Association ("NSBA") and the Democratic National Committee ("DNC"), as well as a plethora of current and former federal officials (not named as defendants in this litigation).

Plaintiffs' lengthy 135 page complaint contains relatively little concerning allegations against this moving defendant, the NSBA. However, from the smattering of allegations that mention the NSBA, it is clear that Plaintiffs' complaint cannot proceed against the NSBA.

While co-defendant Apple, Inc. has already filed a motion to dismiss (Dkt. 34) that articulate grounds for which the Complaint should be dismissed as to all defendants, there are additional grounds for which the Complaint should be dismissed as to the NSBA.

The most glaring example is that all three Plaintiffs, who are not alleged to be parents of children in public school, school board members, teachers, or otherwise connected to the public education, lack standing to assert their claims against the NSBA. Plaintiffs have not alleged any injury or identified any action for this Court to take to address their allegations that the NSBA conspired with the federal government to stifle the speech of parents at school board meetings.

Plaintiffs' claims against the NSBA also fail because the alleged conduct of the NSBA is protected speech under the *Noerr-Pennington* Doctrine, which has been briefed extensively by co-defendants the AFT and NEA in their motion to dismiss filed on April 21, 2023 (Dkt. 41).

DEFENDANT NATIONAL SCHOOL BOARDS ASSOCIATION'S NOTICE OF MOTION AND MOTION TO DISMISS

282265908v.3

The NSBA therefore files this instant motion to dismiss to address the specific allegations against the NSBA and will otherwise join, where appropriate, the portions of Apple and AFT/NEA motions to dismiss, as indicated below.

## II.    STATEMENT OF RELEVANT FACTS CONCERNING THE NSBA

Plaintiffs allege that they are each "registered Republican[s] with conservative viewpoints who [consider] [themselves] to be [] so-called 'MAGA Republican[s]' who have been deprived of their First Amendment rights as a result of alleged censorship and suppression of conservative or "disfavored" viewpoints and what they choose to "read, see, say or hear in the public square." (Complaint, ⁋ 57-59).

Plaintiffs' material allegations concerning this moving Defendant, the National School Boards Association ("NSBA"), can generously be read to consist of the following:

It is alleged that Defendant NSBA "was and is a national policy making and directing association of school boards." (Complaint, ⁋ 70). Plaintiffs allege that the NSBA "recruited" the Department of Justice to threaten parents who challenged "critical race theory" or voiced complaints at school boards about their student's curriculum with criminal prosecution. (Complaint, ⁋ 6).

The Complaint alleges that the Biden Administration-led DOJ, FBI, Department of Education, Homeland Security DHS, CDC, other federal agencies and their cabinet secretaries, managers and employees, and Defendants, "stifled, suppressed and censored lawfully protected speech and opinions" of parents at public school board meetings and communications with teachers unions by "demanding and directing that the DOJ and FBI threaten and arrest if necessary these parents". (Complaint, ⁋ 14).

The Complaint further alleges that "Attorney General Merritt [sic] Garland" complied with the demands of the teacher unions and school board members."

DEFENDANT NATIONAL SCHOOL BOARDS ASSOCIATION'S NOTICE OF MOTION AND MOTION TO DISMISS

282265908v.3

1   (Complaint, ¶14).

2       Plaintiffs allege that Defendants (including the NSBA) acted under the "color
3   of law" and in "lockstep with the federal government" to censor and suppress
4   Plaintiffs lawfully protected speech (Complaint, ¶¶ 382-383).

5       In support of their Second Cause of Action (violation of Civil Rights Act of
6   1964), Plaintiffs allege that Defendants (including the NSBA) interfered with
7   Plaintiffs' voting rights and "caused substantial harm by diluting the value of their
8   vote in the 2020 and 2022 elections." (Complaint, ¶ 387-388).

9       The California Plaintiffs also allege that Defendants AFT, NEA and NSBA
10  "quash opposing viewpoints" by following and teaching the Democratic Party's
11  agenda, "including the teaching of 'Critical Race Theory' to public school students
12  in lieu of more traditional 'reading, writing and arithmetic." (Complaint, ¶ 401).

13      Noticeably absent from Plaintiffs' Complaint are any allegations that tie the
14  three named Plaintiffs to the public education system. Plaintiffs do not allege that
15  they are parents of children attending public schools, nor do they allege that they are
16  school board members, public school teachers, or otherwise associated in any way
17  with, or have any connection to, the public education system.

18  **III.   LEGAL STANDARD**

19      Federal Rule of Civil Procedure, Rule 12(b)(6), authorizes a court to dismiss
20  a cause of action or claim where the complaint fails to "state a claim upon which
21  relief can be granted." Dismissal is warranted when a complaint "lacks a cognizable
22  legal theory or sufficient facts alleged under a cognizable legal theory." *Balistreri*
23  *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Plaintiff must allege
24  "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*
25  *v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "The allegations made in a complaint
26  must be both 'sufficiently detailed to give fair notice to the opposing party of the
27  nature of the claim so that the party may effectively defend against it' and
28  'sufficiently plausible' such that 'it is not unfair to require the opposing party to be

subjected to the expense of discovery.'" *Solyndra Residual Trust v. Suntech Power Holdings Co*., 62 F. Supp. 3d 1027, 1038 (N.D. Cal. 2014), citing *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011).

In considering a 12(b)(6) motion, all material allegations are taken as true and construed in the light most favorable to Plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). However, a court must not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). "For a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

## IV.   ARGUMENT

### A. Plaintiffs' Lack Article III Standing as to the Claims Against the NSBA

The general standing requirement for persons asserting claims in federal courts is established by the "case and controversy" requirement of the United States Constitution. *See* US Const., art. III, § 2. To establish Article III standing, Plaintiffs must have a personal stake in the litigation, which requires that Plaintiffs have suffered some real or substantial injury. *See, e.g*., *United States v. City & County of San Francisco,* 979 F.2d 169, 171 (9th Cir. 1992). The injury suffered by Plaintiffs must be (1) traceable to the alleged conduct of the NSBA, and (2) the injury must have the potential to be remedied by a judgment of the court. *See, e.g., Central Ariz. Water Conservation Dist. v. EPA,* 990 F.2d 1531, 1538 (9th Cir. 1993).

/ / /

/ / /

## 1.  Plaintiffs Fail to Allege an Injury in Fact

Plaintiffs are required to show that they suffered an invasion of a "legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (citing *Lujan v. Defenders of Wildlife,* 504 US 555, 560 (1992)); *see also Vasquez v. L.A. County,* 487 F.3d 1246, 1250 (9th Cir. 2007) (purpose of "injury in fact" requirement is to ensure that "there is an advocate with a sufficient personal concern to effectively litigate the matter").

Plaintiffs are required to show that the injury is both (1) "concrete" and (2) "particularized". *Spokeo*, 578 U.S. at 339. For an injury to be "concrete", it must be "de facto"; that is, it must "actually exist." *Id.* at 340. For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Id.* at 339.  The real-party-in-interest requirement addresses the same basic concern as the Article III standing requirement, requiring that the plaintiff have a personal stake in the controversy.

In addition, the real-party-in-interest requirement requires a legal entitlement to assert the claim in question. *See, e.g., Elk Grove Unified Sch. Dist. v. Newdow,* (2004) 542 U.S. 1, 15–18 (noncustodial father barred under state law from suing as child's next friend lacked standing to challenge school board policy).

As to NSBA[1], any alleged First Amendment violation that may plausibly be discerned from the Complaint relates to actions taken against parents at school board meetings (*See* Complaint, ¶¶ 6, 14). Plaintiffs fail to allege, however, that *they* were ever arrested or threatened with arrest as a result of voicing their concerns at school board meetings or to public school officials. As discussed elsewhere in this motion, Plaintiffs fail to even allege that they have children, let alone children of school age

---

[1] To avoid duplication of argument and burden on the Court, Defendant NSBA joins in co-defendant, Apple, Inc.'s Motion to Dismiss, Section II A, filed on April 11, 2023 ("Plaintiffs Have Not Alleged That They Suffered An Injury-In-Fact"), Dkt. 34, to the extent that Apple, Inc. argues that Plaintiffs fail to allege an injury in fact regarding alleged dilution of their votes, alleged in ¶ 37 of the Complaint.

DEFENDANT NATIONAL SCHOOL BOARDS ASSOCIATION'S NOTICE OF MOTION AND MOTION TO DISMISS

enrolled in public schools. The specific alleged "injury" attributed to the NSBA is therefore not "particularized" to Plaintiffs. For the same reason, the alleged injury is not concrete, as Plaintiffs fail to allege that they, personally, suffered any injury as a result of the alleged conduct of the NSBA.

In sum, Plaintiffs fail to allege an injury in fact. The vague and conclusory allegations that the NSBA recruited the federal government to threaten parents at school board meetings is neither concrete, nor particularized.

To qualify as a plaintiff with standing to litigate, a person also must show an invasion of a legally protected interest that is "actual or imminent" *Lujan*, 504 U.S. at 560. A threat of injury "must be certainly impending" to constitute injury in fact. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Although there is no precise definition, imminence requires that "the injury proceed with a high degree of immediacy, so as to reduce the possibility of deciding a case in which no injury would have occurred at all." *Lujan*, 504 U.S. at 564.

To the extent that Plaintiffs allege future harm as a result of NSBA's conduct, there can be no imminent threat of injury to constitute an injury in fact because Plaintiffs fail to allege any personal connection to public education.

### 2. Plaintiffs Fail to Allege Harm that Is Traceable to NSBA or Redressable by the Court

The Complaint must also allege that harm identified by Plaintiffs is traceable to the conduct of the NSBA, and the injury must have the potential to be remedied by a judgment of the court. *See*, *e.g.*, *Central Ariz. Water Conservation Dist. v. EPA* 990 F.2d 1531, 1538 (9th Cir. 1993).

NSBA cannot discern from the Complaint any harm suffered by Plaintiffs that is traceable to the allegations against the NSBA. As indicated above, the Plaintiffs are not parents of school age children and do not allege that they have personally been prevented from exercising their First Amendment rights by anything that has been alleged against the NSBA in the Complaint.

1   NSBA similarly cannot discern from the Complaint what relief is being sought

2   against it, or what remedy the Court could fashion to address Plaintiffs' concerns.

3   **B. Dismissal is Proper for Failure to Comply with Rule 8(a)**

4   Plaintiffs' Complaint is a one-hundred and thirty-seven page, four-hundred

5   and five-paragraph document that includes twelve separate defendants, alleging a

6   vast so-called "conspiracy" between and among the twelve separate Defendants and

7   numerous third-parties, including, but not limited to, President Joseph Biden and

8   many arms of the administrative branch of the federal government, as well as former

9   federal officials (i.e. Dr. Anthony Fauci, Jim Brennan, James Clapper, James

10  Comey, etc.) and the amorphous "mainstream media".

11  Plaintiffs attempt to weave a vague conspiratorial relationship between the

12  alleged actions of Defendants, including the NSBA, with the various third-parties to

13  support their claims against the NSBA. Plaintiffs fail, however, to include

14  allegations about how the NSBA has specifically infringed on Plaintiffs' First

15  Amendment rights.  As discussed above, Plaintiffs are not alleged to be parents of,

16  or in any way connected to the public education system. In fact, Plaintiffs mention

17  the NSBA only in paragraphs 6, 30, 39, 70, 74, 184, and 401 of the Complaint. Those

18  allegations are conclusory and do not allege any action that could plausibly be read

19  as discriminating against the three proposed class representative Plaintiffs, let alone

20  others. (*Id.* at ¶¶ 6, 30, 39, 70, 74, 184, and 401.)

21  Typically, where the allegations in a complaint are "argumentative, prolix,

22  replete with redundancy and largely irrelevant," the complaint is properly dismissed

23  for failure to comply with Rule 8(a). *McHenry v. Renne*, 84 F.3d 1172, 1178-79 (9th

24  Cir. 1996); *see also Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 673-74 (9th

25  Cir. 1981) (affirming dismissal of complaint that was "verbose, confusing and

26  almost entirely conclusory.") "Something labeled a complaint but ... prolix in

27  evidentiary detail, yet without simplicity, conciseness and clarity as to whom

28  plaintiffs are suing for what wrongs, fails to perform the essential functions of a

complaint," and "impose[s] unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179-80.)

Plaintiffs' Complaint does not comply with Rule 8(a)'s requirement of a "short and plain statement". It is both overly complicated and completely lacking in factual detail or clarity, justifying dismissal for failure to state a claim against the NSBA.

### C. Plaintiff's Claims Against NSBA Under 42 U.S.C. §1983, Voting Rights Act of 1964, and the California Unruh Act Fail Because the NSBA's Conduct is Protected by the *Noerr-Pennington* Doctrine

The NSBA's conduct alleged in the Complaint is immune from liability from claims under 42 U.S.C. §1983, the Voting Rights Act of 1964, and the California Unruh Act pursuant to the *Noerr-Pennington* doctrine.

The *Noerr-Pennington* doctrine is derived from the First Amendment's "right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. The *Noerr-Pennington* doctrine holds that "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). The doctrine also protects petitioners from liability under state tort law. *Theme Promotions, Inc. v. News Am. Mktg.* FSI, 546 F.3d 991, 1007 (9th Cir. 2008). Petitioning activity directed at any branch of government is protected under *Noerr-Pennington*, including petitions in the form of a lawsuit in federal or state court. *Sosa*, 437 F.3d at 929-30 (quoting *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510-11, 92 S. Ct. 609, 30 L. Ed. 2d 642 (1972)).

The *Noerr-Pennington* doctrine precludes "virtually all civil liability for a defendant's petitioning activities before not just courts, but also before administrative and other governmental agencies." *People ex rel. Gallegos v. Pacific Lumber Co.*, 158 Cal. App. 4th 950, 964 (2008).

The *Noerr-Pennington* doctrine also protects conduct that is 'incidental to a

10

valid effort to influence governmental action.'" *Evans Hotels, LLC v. Unite Here Local 30* 433 F. Supp. 3d 1130, 1145-47 (2020) ("negative publicity campaign" against redevelopment protected) (citing *Allied Tube & Conduit Corp. v. Indian Head*, 486 U.S. 492, 499 (1988).

As best can be deciphered from the Complaint, Plaintiffs' claims of discrimination against the NSBA derive from the following alleged conduct by the NSBA: (1) the NSBA's so-called "recruitment" of the Department of Justice to threaten parents who challenged "critical race theory" or voiced complaints at school boards about their student's curriculum with criminal prosecution (Complaint, ¶ 6), and (2) "demanding and directing" the DOJ and FBI to threaten and arrest, if necessary, concerned parents at public school board meetings. (*Id.*, ¶ 14).

Plaintiffs cloak their allegations against the NSBA in language that implies that the NSBA, a private non-profit advocacy organization, has the power to "direct" the activities of the DOJ and FBI.  These absurd and conclusory allegations, when stripped of mere rhetoric, boil down to the NSBA "asking" or "petitioning" the federal government to take action.

Plaintiffs therefore ultimately allege that the NSBA petitioned and lobbied the federal government, specifically, the Department of Justice, to take interest in reports of credible threats of violence against school board members, teachers, and others, in connection with public school board meetings across the Nation.

The petition clause protects advocacy before government officials and agencies in an attempt to influence government action in support of or against a given agenda. *See, e.g., Neurelis, Inc. v. Aquestive Therapeutics, Inc.*, 71 Cal. App. 5th 769, 796 (2021) (holding that *Noerr-Pennington*  protects a pharmaceutical company's right to petition the FDA to stay approval of rival plaintiff's new drug); *Franchise Realty Interstate Corp. v. San Francisco Local Joint Executive Board of Culinary Workers et al.*, 542 F.2d 1076, 1080 (9th Cir. 1976) (holding that *Noerr-Pennington* protects a joint appearance by a labor union and a restaurant employer

association to oppose a restaurant chain's permit applications before a city board).

Plaintiffs' allegations that the NSBA "recruited" the DOJ and FBI to respond to reports of threats of violence against public school board members is clearly-protected petitioning activity. *Empress LLC v. City and County of San Francisco*, 419 F. 3d 1052 (9th Cir. 2005) (holding private discussions with city officials was protected petitioning activity); *United Mine Workers v. Pennington*, 381 U.S. 657, 669-70 (1965) (holding in the context of labor union's approach to the Secretary of Labor that "*Noerr* shields a concerted effort to influence public officials regardless of intent or purpose").

### D. The First Cause of Action for Violation Of 42 U.S.C. §1983 Against NSBA Fails As a Matter Of Law

Title 42 U.S.C. §1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." To state a claim under § 1983, Plaintiffs must establish that they were (1) deprived of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

#### 1. Plaintiffs Fail to Allege That NSBA Acted Under Color of State Law

To plead a claim under § 1983 against the NSBA, Plaintiffs must properly allege that the NSBA deprived them of constitutional rights while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. "[B]y its very terms, § 1983 precludes liability in federal government actors." *Morse v. North Coast Opportunities*, 118 F.3d 1338, 1343 (9th Cir. 1997).

Plaintiffs therefore must plead that the NSBA acted under color of <u>state</u> law, rather than <u>federal</u> law. *Gottschalk v. City and Cty. of S.F.*, 964 F. Supp. 2d 1147, 1162-63 (N.D. Cal. 2013) (" [§§ 1981 and 1983 claims] apply to individuals acting

'under color of state law' and not under color of federal law.").

Here, Plaintiffs allege that the NSBA "acted under the 'color of law' and in 'lockstep with the federal government.'" (Complaint, ¶¶ 382-383). Plaintiffs specifically allege that the NSBA (1) "recruited" the Department of Justice to threaten parents at school board meetings (Complaint, ¶ 6); and, (2) worked in concert with the "Biden Administration led DOJ, FBI, Department of Education, Homeland Security DHS, CDC, other federal agencies and their cabinet secretaries, managers and employees" to suppress the speech of parents at school board meetings by "demanding and directing" that the DOJ and FBI threaten and arrest if necessary these parents. (Complaint, ¶ 14).

To the extent that the Plaintiffs allege any action by the NSBA under the color of law, it is clearly alleging that the NSBA was acting under the color of *federal* law. The § 1983 claim is therefore improperly alleged against the NSBA and should be dismissed without leave to amend.[2]

## 2. NSBA Is A Private Party, Not A State Actor Nor Acting "Under The Color Of State Law"

There is a presumption that private conduct does not constitute governmental action. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999).

The presumption can be overcome only in limited circumstances, such as where a state has "exercised coercive power" or "provided significant encouragement", such that the challenged action must be considered that of the state, or where the state "knowingly accepts the benefits derived from the unconstitutional behavior." *See Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1012 (9th Cir. 2020).

Traditional government functions are defined narrowly. "It is not enough that the federal, state, or local government exercised the function in the past, or still does.

---

[2] The NSBA Joins Apple, Inc.'s Motion to Dismiss, Section III., B., "Because Plaintiffs Cannot Sue the Federal Government or Private Parties for Damages for First Amendment Violations, Any Amendment to Plaintiffs' Section 1983 Claim Would Be Futile"

And it is not enough that the function serves the public good or the public interest in some way. Rather, to qualify as a traditional, exclusive public function within the meaning of our state-action precedents, the government must have traditionally and exclusively performed the function." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928-29 (2019) (emphasis added.) "Under the Court's cases, those functions include, for example, running elections and operating a company town." *Id*. at 1929.

Here, Plaintiffs fail to allege any facts that the NSBA was performing a traditional government function.

### 3. Plaintiffs Fail to Allege That NSBA Violated Their First Amendment Rights

Plaintiffs' allegations against the NSBA concern actions taken against parents at school board meetings. As indicated in Section IV., A. 1, *supra*, Plaintiffs are not alleged to be parents of school age children and allege no connection to public education, let alone participation in school board meetings. Plaintiffs therefore fail to allege that the NSBA violated *their* First Amendment Rights.

### E. NSBA Joins in Apple, Inc.'s Section IV. of Apple, Inc.'s Motion to Dismiss – "Plaintiffs' Civil Rights Act Claim Fails Because They Do Not Allege That Apple, Inc. Acted Under the Color of State Law, Discriminated Against Anyone Based on Race, Or Violated the Civil Rights Act."

NSBA and Apple, Inc. are similarly situated regarding this ground, as the argument addresses deficiencies in the Complaint, Docket No. 34, pg, 15, ln. 18 to pg. 17, ln. 26, a point that applies to all defendants across-the-board.

### F. Plaintiffs' Third Cause of Action For Violation of the California Unruh Act Against NSBA Fails as a Matter of Law

The Third Cause of Action is brought under Civil Code section 51 (California's Unruh Civil Rights Act, or "Unruh Act"). The Unruh Act provides in

part that "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their ... disability ... are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). Plaintiffs' claim cannot be maintained for the following reasons.

First, Plaintiffs' claim under the Unruh Act against the NSBA is improper because the NSBA's conduct, as alleged by Plaintiffs, is protected under the *Noerr-Pennington* doctrine, which is addressed in Section III. C, *Supra*.

Second, Plaintiffs fail to allege that they were discriminated against as a result of one of the protected classes identified by the Unruh Act, namely, sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status. Plaintiffs allege discrimination on the basis of political affiliation (Complaint at ¶ 395). Plaintiffs further acknowledge that political affiliation is not an enumerated ground for relief under the Unruh Act (Complaint at ¶ 396). Plaintiffs' claims against the NSBA under the Unruh Act should therefore be dismissed for failure to state a claim.

Moreover, Plaintiff must also show that they were denied the full benefits or enjoyment of an accommodation. *See* Cal.Civ.Code § 51(b); See CACI No. 3060. Plaintiffs' Complaint is devoid of such allegations. There are no allegations that the Plaintiffs were denied anything by the NSBA, as Plaintiffs fail to allege any connection to public education, or even that they are parents (let alone parents of school age children).

Plaintiff cannot state a claim under the Unruh Act. Thus, the Unruh Act cause of action against NSBA should be dismissed.

### G. Plaintiffs' Claims For Injunctive and Declaratory Relief Fails And Must Be Dismissed.

Because Plaintiffs fail to state any claims against NSBA, their claim for

injunctive and declaratory relief also fails and must be dismissed. Plaintiffs are not entitled to such relief absent a viable underlying claim. *See, City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022) ("The Declaratory Judgment Act does not provide a cause of action when a party […] lacks a cause of action under a separate statute and seeks to use the Act to obtain affirmative relief."). In affirming that the plaintiff had no basis for declaratory relief, the Ninth Circuit in *City of Reno* explained, "in evaluating a 'request for declaratory relief, courts examine both the persons who can assert rights under that law and those who have obligations under it,' and 'it is the underlying cause of action of the defendant against the plaintiff that is actually litigated.'" *Id.*, at 879, quoting *Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 636 (9th Cir. 2014). Like the plaintiff in *City of Reno*, Plaintiffs in this case cannot maintain a separate cause of action for declaratory relief because their "suit is offensive, not defensive" and they lack an independent cause of action. *Id.*

Moreover, Plaintiffs have not articulated what relief is sought in connection with their claims for injunctive and declaratory relief as to NSBA. The declaratory and injunctive relief claims should therefore be dismissed as to the NSBA.


Dated:  April 26, 2023                     WILSON ELSER MOSKOWITZ
                                           EDELMAN & DICKER LLP

                                     By:  */s/ Ian A. Stewart*_____
                                           Ian A. Stewart, Esq.
                                           Attorneys for Defendants,
                                           National School Boards Association

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **<u>CERTIFICATE OF COMPLIANCE</u>**

The undersigned, counsel of record for Defendant National School Boards Association certifies that this brief contains 5,460 words, which complies with the word limit of L.R. 11-6.1 and Standing Order 6(c).

Dated:  April 26, 2023

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By:_*/s/ Ian A. Stewart*_____
Ian A. Stewart, Esq.
Attorneys for Defendants,
National School Boards Association

17