1  Stephen J. Kaufman, Bar No. 131605
2  *skaufman@kaufmanlegalgroup.com*
   Gary S. Winuk, Bar No. 190313
3  *gwinuk@kaufmanlegalgroup.com*
4  **KAUFMAN LEGAL GROUP, APC**
   777 S. Figueroa Street, Suite 4050
5  Los Angeles, CA 90017
6  Tel: (213) 452-6565
   Fax: (213) 452-6575
7
8  *Counsel for Defendant DNC Services Corporation*
9

10          UNITED STATES DISTRICT COURT
11       FOR THE CENTRAL DISTRICT OF CALIFORNIA
              WESTERN DIVISION

| | |
|---|---|
| RICHARD JACKSON, JULIE BRIGGS, and GREGG BUCHWALTER, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., a Delaware corporation; GOOGLE, LLC, a limited liability company; ALPHABET, INC., a Delaware corporation; META PLATFORMS, INC., a corporation doing business as "META" and "FACEBOOK, INC."; INSTAGRAM, INC., a Delaware corporation; AMAZON, INC. a Delaware corporation; YOU TUBE, INC., a Delaware corporation; APPLE, INC., a Delaware Corporation; AMERICAN FEDERATION OF TEACHERS; NATIONAL EDUCATION ASSOCIATION; NATIONAL SCHOOL BOARD ASSOCIATION; DNC SERVICES CORPORATION, a corporation doing business nationwide as "THE DEMOCRATIC NATIONAL COMMITTEE" OR "DNC,"<br><br>Defendants. | CASE NO.: 2:22-cv-09438-AB-MAA<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT DNC SERVICES CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: June 9, 2023<br>Hearing Time: 10:00 a.m.<br>Location: 7B<br><br>Honorable Judge Andre Birotte Jr.<br>United States District Judge |

Defendant DNC Services Corporation ("DNC") hereby requests that this Court take judicial notice of Exhibits 1 through 5, herein, in support of DNC's Motion to Dismiss. The documents are all publicly available court pleadings accessible through the Los Angeles Superior Court site and are being used by DNC to establish the procedural posture of *Williams v. Twitter*, No. 20STCV41458 (Super. Ct. L.A. County, Aug. 6, 2021), a predecessor lawsuit filed in Los Angeles Superior Court by Plaintiff Richard Jackson against DNC and other defendants.

I. **LEGAL STANDARD**

Judicial notice may be taken of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). This includes "'[o]fficial acts of the legislative, executive, and judicial departments of the United States,' and '[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy.'" *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1020 (C.D. Cal. 2015).)

Furthermore, Courts routinely judicially notice "outside" court pleadings, so long as notice is not taken of the veracity of the facts within the pleadings. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1113 (C.D. Cal. 2003) ("Court orders and filings are the type of documents that are properly noticed under the rule. Notice can be taken, however, only for the limited purpose of recognizing the judicial act.") (internal quotations omitted).

II. **ARGUMENT**

The Court may take judicial notice of court pleadings filed in *Williams v. Twitter*, No. 20STCV41458 (Super. Ct. L.A. County Aug. 6, 2021) because these documents are publicly available, the documents' authenticity are not reasonably disputable, and the pleadings are being submitted for the purposes of establishing the

procedural posture of the prior case and not for the veracity of the allegations listed therein.

Exhibit 1, the First Amended Complaint; Exhibit 2, Request for Dismissal; Exhibit 3, the November 13, 2020 Minute Order; Exhibit 4, the October 13, 2021 Minute Order; and Exhibit 5, the July 22, 2022 Order, are properly subject to judicial notice by this Court. *Neilson*, 290 F. Supp. 2d at 1113; *Robertson v. Wells Fargo Home Mortg.*, No. 10-CV-1110-BR, 2011 U.S. Dist. LEXIS 54192, at *8 (D. Or. May 20, 2011) ("The Court may properly take notice of pleadings filed with other courts.").

The documents are public records and may be obtained from the court docket by any party who wishes to review them. *See Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (affirming that courts may properly consider public records); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (affirming proper judicial notice of public records). Because these documents can be accessed by the public at any time, from an official and unbiased government entity, the Los Angeles County Superior Court, the existence of the pleadings' accuracy cannot "reasonably be questioned." *See Gerritsen*, 112 F. Supp. 3d at 1033 (stating that websites run by governmental agencies qualify as a reliable internet source in the realm of judicial notice).

Defendant DNC is not asking this Court to take notice of the contents of the pleadings in *Williams v. Twitter;* DNC is merely requesting notice of the procedural aspects of the case associated with each document. *Neilson*, 290 F. Supp. 2d at 1113; *Lee*, 250 F.3d at 690 ("In a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'"). Therefore, Exhibits 1-5 are properly judicially noticeable as outside court pleadings that reflect a "judicial

act." *See, e.g., Neilson* 290 F. Supp. at 1113.

## III. <u>CONCLUSION</u>

For the foregoing reasons, DNC requests the Court take judicial notice of Exhibits 1 through 5, herein.

Dated: April 26, 2023          Respectfully submitted,

KAUFMAN LEGAL GROUP, APC

*/s/ Stephen J. Kaufman*
Stephen J. Kaufman
Gary S. Winuk

Attorneys for Defendant DNC Services Corporation