# EXHIBIT 5

FILED
Superior Court of California
County of Los Angeles

JUL 22 2022

Sherri R. Carter, Executive Officer/Clerk
By_____Deputy
Maria Frances Lopez

JUDGE BRUCE G. IWASAKI
## DEPARTMENT 58

| | |
|---|---|
| Hearing Date: | July 22, 2022 |
| Case Name: | *Kellie Williams, et al. v. Twitter, Inc., et al.* |
| Case No.: | 20STCV41458 |
| Motion: | Motion for Order Transferring "Putative" Class Action to Class Action or Complex Case Department |
| Moving Party: | Plaintiffs Kellie Williams and Richard Jackson |
| Responding Party: | Defendants American Federation of Teachers; Facebook, Inc. and Instagram, Inc.; Amazon.com; DNC Services Corporation; Twitter, Inc.; Google, LLC, Alphabet, Inc., and You Tube LLC. |

| | |
|---|---|
| **Court's Ruling:** | The Motion for Order Transferring "Putative" Class Action to Class Action or Complex Case Department is denied. |

The Los Angeles Superior Court Assistant Supervising Judge, Civil/Complex deemed this case as "non-complex" and a "non-class action." The Case was reassigned to this department. Now, months after that order, and after failing in their bid for reconsideration of that order, Plaintiffs ask this Court to reconsider yet again the determination by the Assistant Supervising Judge. Because Plaintiffs' motion invites this Court to overrule an Assistant Supervising Judge on a decision delegated to that Judge, and because Plaintiffs have shown no basis for their requested transfer, their motion to transfer this case back to the Complex Civil Department is denied.

**Background**

On August 6, 2021, Plaintiffs Kellie Williams, and Richard Jackson (Plaintiffs) filed the First Amended Complaint (Complaint) against Defendant Twitter, Inc., Google, LLC, Alphabet, Inc., Facebook, Inc., Instagram, Inc., Amazon, Inc., You Tube, Inc., American Federation of Teachers, and the DNC Services Corporation (Defendants) alleging two causes of action for violation of the California Unruh Act (Civil Code section 51) and declaratory relief.

The Complaint alleges that Defendants sought to censor any individual statement that might be factually different than that of the Democratic Party and the Biden Administration. Plaintiffs assert that the "Democratic Censorship Team, aided and abetted by the DNC, Biden Administration operatives after January 20, 2021 and the AFT, illegally and unlawfully used their monopolistic power to control social media and the internet to skew

1

and distort the public narrative by 'de-platforming' any individual with facts, political opinions or views that were inconsistent with the Democratic Party's 2020 Platform." The Complaint states that Plaintiffs bring this action on behalf of all persons similar situated, which is defined as "registered Republicans in the State of California."

On November 17, 2020, Judge Palazuelos determined this case to be complex. Plaintiffs then filed their First Amended Complaint on August 6, 2021. On September 7, 2021, the case was transferred to Judge Cunningham, who then re-assigned the case to Judge Kuhl for all purposes on September 30, 2021.

In a minute order dated October 13, 2021, Judge Cunningham noted that "after further review of the First Amended Complaint the Court has determined that the matter was sent to complex on the grounds it was a class action based on an incorrect civil case cover sheet. Although the First Amended Complaint is captioned 'class action,' the Court finds there are insufficient class allegations and transfers this matter to Department 1 for reassignment to an independent calendaring court."

On May 31, 2022, Plaintiffs filed a Motion for Order Transferring "Putative" Class Action to Class Action or Complex Case Department. They argue that the Complaint sufficiently pled why the case "should be tailored as a 'putative' class action" and request that Judge Cunningham's October 13, 2021 order be modified because it is based on an assertedly erroneous finding. Plaintiffs also argue that Judge Kuhl should have been the one to find that the allegations were insufficient.

In joint opposition, Defendants contend that Plaintiffs are improperly requesting a second motion for reconsideration of Judge Cunningham's order.[1] They also argue that the merits of the request also fail because class actions are only *provisionally* complex and subject to redesignation at any time.

Plaintiffs replied that the motion was not improper because courts have a "continuing power" to decide whether a civil action is complex under California Rule of Court, rule 3.403(b). They assert that the class is "easily ascertainable and defined," comprising of "any California voter who previously challenged or continues to challenge or oppose the official platform and policies of the Democratic Party and its leaders who are currently in power."

Plaintiffs' motion to transfer is denied.

**Legal Standard**

---

[1] Plaintiffs concede that on October 21, 2021, they requested reconsideration of the October 13, 2021 order, which Judge Cunningham denied on October 25.

2

A complex case is an action that requires "exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel." (Cal. Rules of Court, rule 3.400(a).)

A court should consider the presence of the following factors in deciding whether a case should be complex: "(1) Numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve; (2) Management of a large number of witnesses or a substantial amount of documentary evidence; (3) Management of a large number of separately represented parties; (4) Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court; or (5) Substantial postjudgment judicial supervision." (Cal. Rules of Court, rule 3.400(b)(1)–(5).)

Furthermore, certain actions are provisionally designated as complex. These include antitrust, construction defect claims, securities claims, environmental or toxic claims, mass torts, and class actions. (Cal. Rules of Court, rule 3.400(c)(1)–(7).)

Los Angeles County Local Rule 3.3(k) governs how the court reviews complex cases. Subsection (k)(2) states: "Except as provided in subsection (8) below concerning class actions, the Assistant Supervising Judge, Civil/Complex, (or the Assistant Supervising Judge's designee) (collectively, 'Assistant Supervising Judge Civil/Complex') will review all cases in which a plaintiff/petitioner or a defendant/respondent has designated or counter-designated the case as complex and all cases that are designated on the civil cover sheet as 'provisionally' complex (see California Rules of Court, rule 3.400(c)). This review will be conducted as soon as feasible after the case is filed, but before the case is assigned to a judge. The Assistant Supervising Judge, Civil/Complex will determine (with or without a hearing) whether to designate the case as complex pursuant to California Rules of Court, rule 3.403. If the matter is designated as complex and if any party has not yet paid the complex case fee required by Government Code section 70616(a), the court shall order payment of that fee. If the case is designated complex, the Assistant Supervising Judge, Civil/Complex will assign the case to a judge in the Complex Litigation Program. If the case is not designated complex, the Supervising Judge, Civil will assign the case."

Subsection 8 of rule 3.3(k) states: "Recognizing that class actions are defined as provisionally complex pursuant to California Rules of Court, rule 3.400(c), considering the factors which make a case complex enumerated in California Rules of Court, rule 3.400(b), and consistent with the policy to determine as soon as reasonably practicable whether a case is complex under California Rules of Court, rule 3.403, all class actions are presumed to be complex and at filing are assigned to the Complex Litigation Program of the court . . . If class action claims are added to the case after the original filing of the complaint, and a party

3

wants the case transferred to the Complex Litigation Program, the party must follow the procedure provided in subsection (4)." Subsection (k)(4) provides that if a party seeks to designate their case as complex, they must fill out the "Complex Civil Case Questionnaire" and must file it with the court in which the case is pending. Courtesy copies must also be provided to the Assistant Supervising Judge of Civil and Complex.

**Discussion**

*Plaintiff's motion to transfer is an improper motion for reconsideration.*

While Plaintiffs assert that they have a right to file a noticed motion under California Rules of Court, rule 3.403(b), they fail to substantively address any of the factors in rule 3.400(b). Plaintiffs' motion simply alleges that Judge Cunningham's order was improper, and that Judge Kuhl should have made the determination of whether this case is complex. (See Motion, p. 7:8-12.)

The Court views this as an improper second motion for reconsideration. As such, it is untimely because it is filed more than 200 days after Judge Cunningham's order. (Code Civ. Proc., § 1008, subd. (a) [requiring motions to be brought within 10 days of the entry of the original order].) It is also improper because it does not provide "new or different facts, circumstances, or law" and because "one trial judge may not reconsider and overrule the previous interim ruling of a predecessor judge of the same court by the expedient of simply ignoring the existence of that prior ruling." (Code Civ. Proc., § 1008, subd. (a); *Kerns v. CSE Insurance Group* (2003) 106 Cal.App.4th 368, 393.)

*Plaintiffs ignore the Court's Local Rules in how complex cases are designated.*

Plaintiffs rests their argument on the notion that this case should be designated as "provisionally complex" and that they had mistakenly not checked the "complex case" box on the Civil Cover Sheet when filing this complaint. (Reply, p. 2:17-19.)

However, under Los Angeles County Local Rule 3.3(k)(2), the "Assistant Supervising Judge, Civil/Complex will determine (with or without a hearing) whether to designate the case as complex." Judge Cunningham is the Assistant Supervising Judge of Complex. Therefore, he had the administrative authority to designate this case, regardless of whether it was previously assigned to Judge Kuhl for all purposes.

Contrary to Plaintiffs' assertion, Judge Palazuelos did designate this case as complex on November 17, 2020. It was then transferred to Judge Cunningham for review pursuant to Local Rule 3.3(k)(2). This process is consistent with the policy that "the court must decide

4

as soon as reasonably practicable . . . whether the action is a complex case." (Cal. Rules of Court, rule 3.403(a); Super. Ct. L.A. County, Local Rules, rule 3.3(k)(8).)

On October 13, 2021, Judge Cunningham reviewed the First Amended Complaint and found that despite being captioned as a class action, there were "insufficient class allegations." Plaintiffs do not assert that they have since amended the Complaint or added new claims or allegations. Even if they raise new assertions, Local Rule 3.3(k)(8) would require them to submit a "Complex Civil Case Questionnaire," which was not filed in this case. (Super. Ct. L.A. County, Local Rules, rule 3.3(k)(2).) Plaintiffs have shown no grounds why the determination that this case is not complex should be revisited, let alone by this Court.

Accordingly, Plaintiffs' Motion for Order Transferring "Putative" Class Action to Class Action or Complex Case Department is denied.

It is so ordered.

Dated: July 22, 2022

JUDGE BRUCE G. IWASAKI

5