SCOTT R. COMMERSON (State Bar No. 227460)
  scottcommerson@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6890
Fax:  (213) 633-6899
AMBIKA KUMAR (WA Bar No. 38237) (*pro hac vice*)
    ambikakumar@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone:  (206) 757-8030
Fax:  (206) 757-7070
CHELSEA T. KELLY (DC Bar No. 1045673) (*pro hac vice* pending)
    chelseakelly@dwt.com
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500
Washington, DC 20009
Telephone:  (202) 973-4250
Fax:  (202) 973-4450

Attorneys for Defendant AMAZON.COM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JACKSON, et al.,<br><br>                          Plaintiffs,<br><br>        vs.<br><br>TWITTER, INC., et al.,<br><br>                          Defendants. | Case No. 2:22-cv-09438-AB-MAA<br><br>**DEFENDANT AMAZON.COM, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:    Hon. André Birotte Jr.<br>Ctrm:    7B<br>Date:    June 9, 2023<br>Time:    10:00 AM |

## <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

**TO THE COURT, THE PARTIES, AND ALL COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on June 9, 2023, at 10 a.m. or as soon thereafter as may be heard in Courtroom 7B of the United States District Court for the Central District of California, 350 West 1st Street, Los Angeles, California, 90012, Defendant Amazon.com, Inc. will and does move this Court for an order dismissing the Complaint filed by Plaintiffs Richard Jackson, Julie Briggs, and Gregg Buchwalter, individually and on behalf of all others similarly situated.

Amazon makes this motion under Federal Rules of Civil Procedure 12(b)(1) for failure to allege standing and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, and all other matters of which this Court may take judicial notice, the pleadings, files, and records in this action, and on any argument heard by this Court.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 20, 2023.


DATED: April 26, 2023                     DAVIS WRIGHT TREMAINE LLP

                                          By:     */s/ Ambika Kumar*
                                                  Ambika Kumar

                                          *Counsel for Defendant Amazon.com, Inc.*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

i
DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................. 1

II.   FACTUAL BACKGROUND ................................................... 2

III.  LEGAL STANDARDS ......................................................... 3

IV.   ARGUMENT ...................................................................... 4

    A.    Plaintiffs' Complaint Fails to Allege Any Specific Conduct by Amazon. ........................................................................ 4

    B.    Plaintiffs Fail to Allege Essential Elements of Their Claims. ............ 5

        1.    Plaintiffs Fail to State a Claim for § 1983 Violation. ............... 5

        2.    Plaintiffs Fail to State a Claim for Election Interference. .......... 9

        3.    Plaintiffs Fail to State a Claim under the California Unruh Act. ........................................................................ 10

    C.    The First Amendment and § 230 Bar Plaintiffs' Claims. ................. 12

        1.    The First Amendment Bars the Claims. .................................. 12

        2.    Section 230 Bars Plaintiffs' Claims. ..................................... 13

V.    CONCLUSION .................................................................. 15

DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adickes v. S. H. Kress & Co.*,
398 U.S. 144 (1970) .............................................................................................8

*Almeida v. Amazon.com, Inc.*,
2004 WL 4910036 (S.D. Fla. July 30, 2004), *aff'd*, 456 F.3d 1316 (11th
Cir. 2006) ....................................................................................................... 14

*Angelucci v. Century Supper Club*,
41 Cal. 4th 160 (2007) ................................................................................... 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................................3

*Athwal v. County of Stanislaus*,
2022 WL 4237713 (E.D. Cal. Sept. 14, 2022)....................................................4

*Barnes v. Yahoo!, Inc.*,
570 F.3d 1096 (9th Cir. 2009) ................................................................... 13, 14

*Bartlett v. Strickland*,
556 U.S. 1 (2009).................................................................................................9

*Blum v. Yaretsky*,
457 U.S. 991 (1982)............................................................................................8

*Buckley v. Valeo*,
424 U.S. 1 (1976), *superseded on other grounds by statute as stated in
Hisp. Leadership Fund, Inc. v. Fed. Election Comm'n*, 897 F. Supp. 2d
407 (E.D. Va. 2012) ...................................................................................... 10

*Bush v. Gore*,
531 U.S. 98 (2000)........................................................................................... 10

*Children's Health Def. v. Facebook Inc.*,
546 F. Supp. 3d 909 (9th Cir. 2021), *appeal filed*, No. 21-16210 (9th Cir.
July 21, 2021)................................................................................................ 8, 9

*Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*,
6 F.4th 1247 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 2453 (2022) ............... 12

DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Daniels v. Alphabet Inc.*,
   2021 WL 1222166 (N.D. Cal. Mar. 31, 2021).......................................................5

*Doe v. Google*,
   2021 WL 4864418 (N.D. Cal. Oct. 19, 2021), *aff'd*, 2022 WL 17077497
   (9th Cir. Nov. 18, 2022)................................................................................. 8, 9

*Dozier v. Walmart Inc.*,
   2021 WL 1534973 (C.D. Cal. Mar. 5, 2021) (Birotte, J.) ...................................3

*Dyroff v. Ultimate Software Grp., Inc.*,
   934 F.3d 1093 (9th Cir. 2019) ................................................................... 13, 14

*Ebeid v. Facebook, Inc.*,
   2019 WL 2059662 (N.D. Cal. May 9, 2019).............................................. 11, 14

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*,
   521 F.3d 1157 (9th Cir. 2008) ........................................................................ 13

*Fed. Agency of News LLC v. Facebook, Inc.*,
   432 F. Supp. 3d 1107 (N.D. Cal. 2020)......................................................... 7, 14

*Free Kick Master LLC v. Apple Inc.*,
   140 F. Supp. 3d 975 (N.D. Cal. 2015) .............................................................. 14

*Greater L.A. Agency on Deafness, Inc. v. CNN, Inc.*,
   742 F.3d 414 (9th Cir. 2014) ........................................................................... 11

*Harris v. Capital Growth Inv. XIV*,
   52 Cal. 3d 1142 (1991) .................................................................................... 12

*Heineke v. Santa Clara Univ.*,
   965 F.3d 1009 (9th Cir. 2020) ....................................................................... 6, 8

*Huber v. Biden*,
   2022 WL 827248 (N.D. Cal. Mar. 18, 2022), *aff'd*, 2022 WL 17818543
   (9th Cir. Dec. 20, 2022) ................................................................................ 8, 12

*Ingels v.Westwood One Broad. Servs., Inc.*,
   129 Cal. App. 4th 1050 (2005) ....................................................................... 12

*Jones v. U.S.P.S.*,
   488 F. Supp. 3d 103 (S.D.N.Y. 2020) .............................................................. 10

DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*La'Tiejira v. Facebook, Inc.*,
   272 F. Supp. 3d 981 (S.D. Tex. 2017) ............................................................... 12

*Lewis v. Google LLC*,
   461 F. Supp. 3d 938 (N.D. Cal. May 20, 2020), *aff'd*, 851 F. App'x 723
   (9th Cir. 2021), *cert. denied*, 142 S. Ct. 434 (2021) ...................................... 5, 14

*Lugar v. Edmondson Oil Co.*,
   457 U.S. 922 ..................................................................................................... 6, 7

*Manhattan Cmty. Access Corp. v. Halleck*,
   139 S. Ct. 1921 (2019) ..........................................................................................5

*Martinez v. Cot'n Wash, Inc.*,
   81 Cal. App. 5th 1026 (2022) ............................................................................ 11

*Maya v. Centex Corp.*,
   658 F.3d 1060 (9th Cir. 2011) ...............................................................................3

*McHenry v. Renne*,
   84 F.3d 1172 (9th Cir. 1996) .................................................................................4

*Morse v. N. Coast Opportunities, Inc.*,
   118 F.3d 1338 (9th Cir. 1997) ...............................................................................5

*NetChoice, LLC v. Attorney Gen., Fla.*,
   34 F.4th 1196 (11th Cir. 2022), *cert. petition filed*, No. 22-277 (Sept. 23,
   2022) ............................................................................................................. 12, 13

*O'Handley v. Padilla*,
   579 F. Supp. 3d 1163 (N.D. Cal. 2022), *aff'd sub nom. O'Handley v.
   Weber*, 62 F.4th 1145 (9th Cir. 2023) ................................................................ 12

*O'Handley v. Weber*,
   62 F.4th 1145 (9th Cir. 2023) ........................................................... 6, 7, 8, 13

*Prager Univ. v. Google LLC*,
   951 F.3d 991 (9th Cir. 2020) ............................................................................ 5, 7

*Rawson v. Recovery Innov., Inc.*,
   975 F.3d 742 (9th Cir. 2020), *cert. denied*, 142 S. Ct. 69 (2021) ...................... 10

*Seismic Reservoir 2020, Inc. v. Paulsson*,
   785 F.3d 330 (9th Cir. 2015) .................................................................................3

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Sen v. Amazon.com, Inc.*,
   2018 WL 4680018 (S.D. Cal. Sept. 28, 2018), *aff'd in part, vacated in part, remanded*, 793 F. App'x 626 (9th Cir. 2020) .......................................... 14

*Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*,
   144 F. Supp. 3d 1088 (N.D. Cal. 2015), *aff'd*, 697 F. App'x 526 (9th Cir. 2017) ........................................................................................................ 14

*Sollberger v. Wachovia Sec., LLC*,
   2010 WL 2674456 (C.D. Cal. June 30, 2010) ........................................................4

*Tsao v. Desert Palace, Inc.*,
   698 F.3d 1128 (9th Cir. 2012) ...............................................................................7

*White v. Square, Inc.*,
   7 Cal. 5th 1019 (2019) .......................................................................................... 11

*Williams v. Twitter*,
   Case No. 20STCV41458 (Sup. Ct. L.A. Cnty. 2020) .............................................3

*Yagman v. Wunderlich*,
   2021 WL 5707166 (C.D. Cal. Nov. 22, 2021), *aff'd*, 2022 WL 2800816 (9th Cir. July 18, 2022) ..........................................................................................5

*Zhou v. Breed*,
   2022 WL 135815 (9th Cir. Jan. 14, 2022) .............................................................9

**Statutes**

42 U.S.C. § 1983 ........................................................................................... 1, 5, 7

47 U.S.C.
   § 230.......................................................................................................................2
   § 230(c)(1) ....................................................................................................... 13, 14

52 U.S.C.
   § 10101(a)(1).........................................................................................................9
   § 10101(a)(2).........................................................................................................9

California Civil Code § 51(b) ......................................................................... 10, 11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS

**Rules**

Federal Rule of Civil Procedure
   8(d)(1) ...........................................................................................4
   12(b)(1) .........................................................................................3
   12(b)(6) .........................................................................................3

**Constitutional Provisions**

United States Constitution
   First Amendment..................................................................... *passim*

United States Constitution
   Fifth Amendment ............................................................... 9, 10

United States Constitution
   Fourteenth Amendment ................................................. 2, 9, 10

DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs claim they and 72 million other members of the Republican Party were the victims of a conspiracy among the government, technology companies, and educational associations to suppress conservative viewpoints, allegedly violating their First Amendment rights, "interfering" with their voting rights, and violating California's statute prohibiting discrimination.  They mention Amazon just three times in 137 pages, and more generally attempt to blame Defendants for their dissatisfaction with the political climate.  Plaintiffs simply fail to state anything close to a plausible claim.  The Court should dismiss the Complaint with prejudice.

*First*, Plaintiffs fail to allege any specific conduct by Amazon—let alone actionable conduct that has anything to do with Plaintiffs—that provides any colorable basis for this lawsuit.  Plaintiffs allege Amazon "partnered" with the government to refuse conservative content, without specifying what content or alleging that they authored that content.  They otherwise lump Amazon in with other Defendants, making vague allegations that could not logically apply to a retailer.  The Court should reject this shotgun pleading.

*Second*, even crediting Plaintiffs' conclusory assertions, their claims would still fail because they have not alleged essential elements.  Their claims for violation of their First Amendment rights, under 42 U.S.C. § 1983, fail because § 1983 does not apply to acts by the federal government and because Amazon is a private entity, not a state actor.  Their election interference claim fails because neither the Civil Rights Act nor the U.S. Constitution provides a cause of action for such a claim under the circumstances presented here—and because Amazon was not acting under color of state law.  And their Unruh Act claim fails because they have not alleged and cannot allege Amazon intentionally discriminated against them, and regardless, the Act does not apply to political viewpoint discrimination.

*Third*, the First Amendment and Section 230 of the Communications Decency

DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Act, 47 U.S.C. § 230, bar all of Plaintiffs' claims because they seek to hold Amazon liable for failing to publish content authored by others.

The Court should dismiss the claims against Amazon with prejudice.

## II.      FACTUAL BACKGROUND

Plaintiffs filed this lawsuit on behalf of a putative class of "more than 72 million United States citizens" who voted for former President Donald J. Trump in 2020.  ECF No. 1 ("Compl.") ¶¶ 57–59, 85.  In a sprawling 137-page Complaint, Plaintiffs allege "the Democratic National Committee, the federal government and in particular, the Biden Administration, . . . colluded with and/or coerced social media companies [and] . . . internet retailers and distributors" to "suppress and censor disfavored speakers, viewpoints and content on social media platforms and/or barred them from the public square by falsely labeling content 'dis-information,' 'misinformation,' and 'malinformation.'"  *Id.* ¶ 3.

In response to this alleged "Censorship Scheme," *id.*, Plaintiffs brought this lawsuit against Amazon and twelve others, including social media companies, online retailers, and governmental and political entities.[1]  They assert violations of (1) their First Amendment rights because of alleged censorship of unspecified content; (2) the Civil Rights Act of 1964 and their Fifth and Fourteenth Amendment rights based on alleged interference "with Plaintiffs' and the Putative Class's voting rights"; and (3) the California Unruh Act based on Defendants' alleged denial of "equal access to their internet platforms and school board meetings to express opposing political views, or views other than the opinions of the Democratic Party."  *Id.* ¶¶ 382–401.

Plaintiffs do not identify any specific actions Amazon took.  Just three paragraphs of the Complaint mention Amazon at all.  Paragraph 5 alleges Amazon

---

[1] The other Defendants are Twitter, Inc., Google, LLC, Alphabet, Inc., Meta Platforms, Inc., Facebook, Inc., Instagram, Inc., YouTube, Inc., Apple Inc., the American Federation of Teachers, the National Education Association, the National School Board Association, and the Democratic National Committee.  *See* Compl. at 1.

DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and Defendant Apple, Inc. "refused and continue to refuse" content "written or published by conservative or 'disfavored' speakers under the direction of the federal government." *Id.* ¶ 5.  Paragraph 30 claims the government "actively partnered" with "Twitter, Facebook, You Tube, Instagram, Google, and the other internet platforms and internet retailers and distributors of content like Amazon and Apple, to censor speech critical of government policy." *Id.* ¶ 30 (emphasis omitted).  And Paragraph 66 alleges Amazon "engag[ed] in the Censorship Scheme on behalf of the Biden Administration and federal government." *Id.* ¶ 66.  The Complaint identifies no facts to support these allegations.

This case follows the voluntary dismissal of a substantially similar lawsuit filed in state court by Plaintiff Richard Jackson.  *See Williams v. Twitter*, Case No. 20STCV41458 (Sup. Ct. L.A. Cnty. 2020).  The dismissal came on the eve of Mr. Jackson's deadline to respond to a demurrer.  Plaintiffs served Amazon on February 28, 2023.  *See* ECF No. 28 at 1.  Amazon's deadline to respond to the Complaint is April 26, 2023.  *See* ECF No. 37.

### III.   LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A "formulaic recitation of the elements" of a claim or assertions "devoid of 'further factual enhancement'" is insufficient.  *Id.* (citation omitted).  Claims also may be dismissed based on a dispositive issue.  *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015).

Further, a "lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  The "plaintiff bears the burden of establishing standing." *Dozier v. Walmart Inc.*, 2021 WL 1534973, at *3 (C.D. Cal. Mar. 5, 2021) (Birotte, J.).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# IV.    ARGUMENT

The Complaint is devoid of specific allegations concerning Amazon, requiring dismissal for this reason alone.   But even crediting the vague and conclusory allegations against all Defendants, Plaintiffs still have failed to state a claim.

## A.    Plaintiffs' Complaint Fails to Allege Any Specific Conduct by Amazon.

"[E]ach allegation" of a pleading must "be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  A complaint must set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery."  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  Courts do not allow "shotgun pleading[s]," in which a "party pleads that multiple parties did an act, without identifying which party did what specifically."  *Athwal v. County of Stanislaus*, 2022 WL 4237713, at *3 (E.D. Cal. Sept. 14, 2022).  This "defect alone warrants dismissal." *Sollberger v. Wachovia Sec., LLC*, 2010 WL 2674456, at *4–5 (C.D. Cal. June 30, 2010).

The Complaint is a typical shotgun pleading that "uses the omnibus term 'Defendants'. . . by grouping defendants together without identifying . . . the particular defendants[' actions]."  *Id.* at *4.  Indeed, the Complaint fails to describe any specific, actionable conduct by Amazon, mentioning it just three times in 137 pages.  The Complaint fails to identify a single example of Amazon purportedly censoring or refusing to distribute any content, much less "under the direction" of the federal government.  Compl. ¶¶ 5, 30, 66.  The allegations against "Defendants" are also insufficient, as the vast majority could not possibly apply to Amazon.  For example, Plaintiffs allege Defendants "control[led] virtually all social media and the internet to skew and distort the public narrative by 'de-platforming' any individual with facts, political opinions or views that were inconsistent with the Democratic Party's 2020 Platform."  *Id.* ¶ 76.  But Amazon undisputedly does not operate a social media service.

Because Plaintiffs fail to plead any specific—let alone actionable—conduct by Amazon, the Court should dismiss the claims. *See Sollberger*, 2010 WL 2674456, at

DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*4–5; *see also Yagman v. Wunderlich*, 2021 WL 5707166, at *2–3 (C.D. Cal. Nov. 22, 2021) (dismissing complaint that did "not [set] forth any specific allegations against each individual Defendant"), *aff'd*, 2022 WL 2800816 (9th Cir. July 18, 2022).

**B.   Plaintiffs Fail to Allege Essential Elements of Their Claims.**

Dismissal is proper for the independent reason that Plaintiffs have failed to allege essential elements of each of their claims.  The defects are so fundamental that any amendment would be futile, and dismissal should be with prejudice.

**1.   Plaintiffs Fail to State a Claim for § 1983 Violation.**

The Court should dismiss Plaintiffs' claim under 42 U.S.C. § 1983—which alleges Defendants violated their First Amendment rights by "collu[ding]" with the government to "suppress" "lawfully protected speech," Compl. ¶¶ 382–383—because: (1) § 1983 does not even govern claims based on conduct by the federal government; and (2) Amazon is a private entity, not a state actor.

First, Plaintiffs' claim fails because it is based on alleged collusion with *federal* officials.  Compl. ¶¶ 61–63, 65–68 (alleging Defendants acted "on behalf of the Biden Administration and federal government").  Section 1983 claims, however, are limited to persons acting "under color of . . . *State*" law.  42 U.S.C. § 1983 (emphasis added).  So, "by its very terms, § 1983 precludes liability in federal government actors." *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997).  That fact alone warrants dismissal here—as it has in similar cases involving online services.  *See Daniels v. Alphabet Inc.*, 2021 WL 1222166, at *5 (N.D. Cal. Mar. 31, 2021); *Lewis v. Google LLC*, 461 F. Supp. 3d 938, 955–56 (N.D. Cal. May 20, 2020), *aff'd*, 851 F. App'x 723 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 434 (2021).

Second, the § 1983 claim fails because Amazon is a private entity.  The "First Amendment prohibits the government—not a private party—from abridging speech." *Prager Univ. v. Google LLC*, 951 F.3d 991, 996 (9th Cir. 2020); *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) ("Free Speech Clause prohibits

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

only governmental abridgment of speech.") (emphasis omitted).  There is a strong "presumption . . . that private conduct does not constitute [state] action."  *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1012 (9th Cir. 2020) (citation & internal quotation marks omitted).   Thus, the First Amendment is not implicated unless there is a sufficient factual predicate establishing that the defendant has acted as the state.  To assess this, courts apply the "two-step framework developed in *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 . . . (1982)."  *O'Handley v. Weber*, 62 F.4th 1145, 1156 (9th Cir. 2023).   The first step asks "whether the alleged constitutional violation was caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible."  *Id.* (citation & internal quotation marks omitted).   The second step asks whether "the party charged with the deprivation is a person who may fairly be said to be a state actor."  *Id.* (citation & internal quotation marks omitted).

Applying this framework, the Ninth Circuit recently affirmed dismissal of a similar claim, alleging that Twitter and the California Secretary of State "act[ed] in concert to censor [the plaintiff's] speech on Twitter's platform."  *Id.* at 1153.   The plaintiff claimed "state officials regularly flagged tweets with false or misleading information for Twitter's review and that Twitter responded by almost invariably removing the posts in question."  *Id.*  Echoing the long line of cases in this Circuit that have consistently rejected similar claims, the Ninth Circuit held such allegations did *not* transform Twitter into a state actor under the *Lugar* framework.  *Id.* at 1156–61.  The same outcome applies here.

As to the first *Lugar* step, Plaintiffs have failed to allege that Amazon's content moderation decisions derive from a "right conferred by the State," or amount to "enforc[ing] a state-imposed rule."  *Id.* at 1156 (Twitter did not "enforce a state-imposed rule when it limited access to [plaintiff's] posts and suspended his account").   Even if Amazon and the government were "aligned in their missions to limit the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

spread of misleading . . . information," among other topics, "[s]uch alignment does not transform private conduct into state action." *Id.* at 1157.

Plaintiffs also fail the second *Lugar* step because Amazon is not a state actor under any of the four relevant tests:  "(1) the public function test; (2) the joint action test; (3) the state compulsion test; [or] (4) the governmental nexus test." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (citation & internal quotation marks omitted).

***Public Function Test.***  To satisfy the public function test, "the relevant function" performed by the private-party defendant "must have been 'traditionally the exclusive prerogative of the state.'" *Prager Univ.*, 951 F.3d at 997 (emphasis omitted) (citation & internal quotation marks omitted).  Digital or retail services are not part of "the lean list of the 'very few' recognized public functions [that] includes 'running elections,' 'operating a company town,' and not much else." *Id.* at 998 (citation omitted).  Thus, Amazon is "a private forum, not a public forum subject to judicial scrutiny under the First Amendment." *Id.* at 995 (affirming dismissal of § 1983 claim against YouTube based on its content curation).

***Joint Action Test.***  This test asks if "state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Tsao*, 698 F.3d at 1140 (citation & internal quotation marks omitted).  It requires "alleg[ing] that the state was involved with the activity that caused the injury giving rise to the action," identifying "specific facts establishing the existence of an agreement or a meeting of the minds between [the private actor] and the government." *Fed. Agency of News LLC v. Facebook, Inc.*, 432 F. Supp. 3d 1107, 1125–26 (N.D. Cal. 2020) (citation & internal quotation marks omitted) (rejecting claim based on "conclusory allegation that Facebook's work with the U.S. government concerning Russian interference in U.S. elections [was] a 'conspiracy to deny [plaintiff] its free speech rights'") (citation & internal quotation marks omitted).  Plaintiffs fail to allege such facts, claiming "Defendants" generally (not Amazon) consulted experts (such as the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Centers for Disease Control and Prevention); government officials discussed misinformation on social media platforms; and officials and Congress members advocated restricting health misinformation.  Compl. ¶¶ 210–250.  This is not enough. *Children's Health Def. v. Facebook Inc.*, 546 F. Supp. 3d 909, 927–28 (9th Cir. 2021) ("general statements . . . about 'working together'" insufficient), *appeal filed*, No. 21-16210 (9th Cir. July 21, 2021); *O'Handley*, 62 F.4th at 1160 (no joint action where "no facts plausibly suggesting" government "interjected itself into" defendants' content decisions); *Huber v. Biden*, 2022 WL 827248, at *3–7 (N.D. Cal. Mar. 18, 2022) (rejecting claim Twitter suspended account as part of conspiracy), *aff'd*, 2022 WL 17818543 (9th Cir. Dec. 20, 2022); *Doe v. Google*, 2021 WL 4864418, at *5 (N.D. Cal. Oct. 19, 2021) (no joint action absent "allegations that Defendants invoked state or federal procedure to bring about the suspension of Plaintiffs' accounts"), *aff'd*, 2022 WL 17077497 (9th Cir. Nov. 18, 2022).

  ***Government Nexus and State Compulsion Tests.***  The government nexus test asks if officials have "exercised coercive power or . . . provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State."  *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).  This happens, for example, "when government officials threaten adverse action to coerce a private party into performing a particular act."  *O'Handley*, 62 F.4th at 1157–58.  Similarly, the "state compulsion" test asks whether "the State, by its law, has compelled the act."  *Adickes v. S. H. Kress & Co*., 398 U.S. 144, 170 (1970).  But Plaintiffs plead no facts indicating the government forced or compelled Defendants (much less Amazon) to take any particular action.  *See Heineke*, 965 F.3d at 1014 (coercion requires "government commanded a particular result in, or otherwise participated in, [plaintiff's] specific case"); *see also Doe*, 2021 WL 4864418, at *3 (rejecting claim where no alleged coercive statement "mention[ed] Plaintiffs' names, their YouTube or Google accounts, their channels, or their videos").  The "mere fact" legislators and Biden-Harris campaign members urged social media companies to address

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

misinformation is not enough. *See Zhou v. Breed*, 2022 WL 135815, at \*1 (9th Cir. Jan. 14, 2022) (that officials "criticized a billboard or called for its removal[] . . . does not make that billboard's subsequent removal by a private party state action."); *see also CHD*, 546 F. Supp. 3d at 933 (threats to repeal § 230 did not transform Facebook into state actor); *Doe*, 2021 WL 4864418, at \*3 (no claim where plaintiffs alleged defendants acted in response to threats to "repeal of CDA Section 230 protections, 'show trials' in front of the U.S. Senate, and a DOJ antitrust suit against Google").

### 2. Plaintiffs Fail to State a Claim for Election Interference.

Plaintiffs' "election interference" claim—that Defendants "interfered" with their "voting rights and caused substantial harm by diluting the value of their vote in the 2020 and 2022 elections," Compl. ¶ 388, in violation of the Civil Rights Act and the Fifth and Fourteenth Amendments—also fails.[2]

First, Plaintiffs have no claim under the Civil Rights Act. That Act does not provide a cause of action for "election interference." Rather, Title I of the Act includes three protections designed to prevent racial discrimination at the polls. *See* 52 U.S.C. § 10101(a)(1-2) (prohibiting someone acting under color of law from using different standards to determine voter eligibility, using certain literacy tests for voter registration, or disqualifying voters based on immaterial errors in registration or voting documents). Plaintiffs fail to allege a violation of any of these provisions, much less a violation by Amazon "acting under color of law." 52 U.S.C. § 10101(a)(2). Nor do Plaintiffs claim they faced electoral discrimination based on their race or ethnicity. *See* 52 U.S.C. § 10101(a)(1) (prohibiting efforts to prevent otherwise eligible citizens from voting based on "race, color, or previous condition of servitude").

---

[2] The only basis upon which a plaintiff can assert a "vote-dilution" claim is "on account of race or color or . . . language minority" under the Voting Rights Act of 1965—which Plaintiffs never alleged. *See Bartlett v. Strickland*, 556 U.S. 1, 10-11 (2009) (detailing the elements of such a claim).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Second, Plaintiffs have failed to state a claim under the Constitution.  Again Amazon is not a "state actor."  *See Rawson v. Recovery Innov., Inc*., 975 F.3d 742, 747 (9th Cir. 2020) ("the color of law and state action inquiries are the same" under § 1983 and the Fourteenth Amendment), *cert. denied*, 142 S. Ct. 69 (2021); *see also Buckley v. Valeo*, 424 U.S. 1, 93 (1976) (the "equal protection analysis in the Fifth Amendment area is the same as . . . the Fourteenth Amendment"), *superseded on other grounds by statute as stated in Hisp. Leadership Fund, Inc. v. Fed. Election Comm'n*, 897 F. Supp. 2d 407, 421 (E.D. Va. 2012).  Moreover, the Fifth and Fourteenth Amendments do not protect against "election interference" but rather "'arbitrary and disparate treatment of the members of the electorate' that results in 'valuing one person's vote over that of another.'"  *Jones v. U.S.P.S.*, 488 F. Supp. 3d 103, 128 (S.D.N.Y. 2020) (quoting *Bush v. Gore*, 531 U.S. 98, 104–05 (2000)).  Plaintiffs have not alleged any arbitrary disparities that prevented them from voting or having their votes counted.  Instead, they *admit* that the class they seek to represent comprises "72 million United States citizens who *voted* for former President Donald J. Trump on November 3, 2022."  Compl. ¶ 85 (emphasis added).  Because Plaintiffs admit they were able to vote, they have failed to state a claim for "election interference."

### 3.   Plaintiffs Fail to State a Claim under the California Unruh Act.

Plaintiffs' Unruh Act claim—that Amazon denied them, as members of a protected class, "full and equal" treatment, Cal. Civ. Code § 51(b)—also fails.  Plaintiffs base this claim on Defendants' alleged "deprivation" of "equal access to their internet platforms and school board meetings to express opposing political views."  Compl. ¶ 393.  The Court should dismiss the claim.

First, Plaintiffs lack standing to assert their Unruh Act claim.  To assert such a claim, a plaintiff "must actually suffer the discriminatory conduct." *Angelucci v. Century Supper Club*, 41 Cal. 4th 160, 175 (2007) (citation & internal quotation marks omitted).  Plaintiffs must allege that they "visited the business's website,

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

encountered discriminatory terms, and intended to make use of the business's services." *White v. Square, Inc.*, 7 Cal. 5th 1019, 1032 (2019). Here, however, Plaintiffs fail to allege they used any Amazon products or services or otherwise tried to access Amazon's "goods, services, or facilities." Instead, they allege Amazon censored unidentified third-party speech. *See* Compl. ¶¶ 5, 30, 66; *see also White*, Cal. 5th at 1027 (distinguishing between "merely hear[ing] or read[ing] about [an alleged] discriminatory policy" and "specific allegations detailing [plaintiff's] repeated visits"). That is insufficient.

Second, Plaintiffs allege no "intentional discrimination" by Amazon. *Greater L.A. Agency on Deafness, Inc. v. CNN, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014). Plaintiffs "may not 'rely on the effects of a facially neutral policy on a particular group to infer solely from such effects a discriminatory intent.'" *Martinez v. Cot'n Wash, Inc.*, 81 Cal. App. 5th 1026, 1036 (2022) (affirming dismissal of Unruh Act claim). Instead, Plaintiffs must plead "allegations supporting 'willful, affirmative misconduct' with the specific intent 'to accomplish discrimination on the basis of a protected trait.'" *Id.* They have not done so—instead lumping Defendants together and claiming that because of their alleged collective censorship, Plaintiffs did not have access to as much conservative content as they would have liked. This does not meet the high bar for intentional discrimination under the Unruh Act. *See, e.g.*, *Ebeid v. Facebook, Inc.*, 2019 WL 2059662, at *7 (N.D. Cal. May 9, 2019) (no Unruh Act claim based on suspension of plaintiff's account, absent adequate allegations that "Facebook's conduct was animated by discriminatory intent").

Finally, even if Plaintiffs had alleged intentional discrimination, no court has recognized political viewpoint as a protected class under the Unruh Act. The Legislature limited the Unruh Act to discrimination based on "sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status," Cal. Civ. Code § 51(b), and the California Supreme Court has emphasized

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"the continued importance" of these "specified categories," *Harris v. Capital Growth Inv. XIV*, 52 Cal. 3d 1142, 1159 (1991). Accordingly, "[t]he Unruh Act has not been held to protect persons based on their viewpoints"—and courts have rejected such claims. *Huber*, 2022 WL 827248, at *10. A different rule would raise serious First Amendment problems. *See infra* Section C.1; *see also Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1074 (2005) (rejecting caller's age discrimination claim against radio show because the show had "First Amendment right to control the content of their program").

## C. The First Amendment and § 230 Bar Plaintiffs' Claims.

Even if Plaintiffs had stated plausible claims, the claims would be barred by the First Amendment and § 230.

### 1. The First Amendment Bars the Claims.

A website's "decisions about what content to include, exclude, moderate, filter, label, restrict, or promote, . . . are protected by the First Amendment." *O'Handley v. Padilla*, 579 F. Supp. 3d 1163, 1186–87 (N.D. Cal. 2022), *aff'd sub nom. O'Handley v. Weber*, 62 F.4th 1145 (9th Cir. 2023). This kind of editorial decision-making is quintessential First Amendment speech, since a platform's decision to host or not host content on its website "says something about what that [website] represents." *Id.* at 1188.

Other courts have reached the same conclusion. *See, e.g.*, *NetChoice, LLC v. Attorney Gen., Fla.*, 34 F.4th 1196, 1209-10, 1213 (11th Cir. 2022) ("[s]ocial-media [companies]" like Facebook, Twitter, YouTube, and TikTok "engage in First-Amendment-protected activity" when they "choose to remove users or posts, deprioritize content in viewers' feeds or search results, or sanction breaches of their community standards"), *cert. petition filed*, No. 22-277 (Sept. 23, 2022); *La'Tiejira v. Facebook, Inc.*, 272 F. Supp. 3d 981, 991 (S.D. Tex. 2017) (same); *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 6 F.4th 1247, 1255–56 (11th Cir. 2021) (affirming dismissal of civil rights claim because plaintiff's "proposed interpretation

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

of Title II would infringe on Amazon's First Amendment right" and "would instead 'modify the content of [Amazon's] expression'—and thus modify Amazon's 'speech itself'—by forcing it to donate to an organization it does not wish to promote"), *cert. denied*, 142 S. Ct. 2453 (2022).

Because Plaintiffs challenge Amazon's alleged refusal to distribute content "published by conservative or 'disfavored' speakers," Compl. ¶ 5, the First Amendment bars their claims. *See NetChoice*, 34 F.4th at 1210 ("The Supreme Court has repeatedly held that a private entity's choices about whether, to what extent, and in what manner it will disseminate speech—even speech created by others—constitute 'editorial judgments' protected by the First Amendment."); *see also O'Handley*, 579 F. Supp. 3d at 1186–87 (First Amendment protects "what content to include, exclude, moderate, filter, label, restrict, or promote").

**2.      Section 230 Bars Plaintiffs' Claims.**

Enacted to bolster First Amendment protections for online intermediaries, § 230(c)(1) protects websites from claims that ultimately seek to hold them liable for publishing, or failing to block, a user's content. *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1105 (9th Cir. 2009).

The immunity applies if (1) the defendant provides an "interactive computer service" and (2) the plaintiff seeks to treat the defendant "as a publisher or speaker" (3) "of information provided by another information content provider." *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1097 (9th Cir. 2019) (quoting *Barnes*, 570 F.3d at 1100–01). Courts construe these elements broadly "in favor of immunity." *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1174 (9th Cir. 2008) (en banc). "When a plaintiff cannot allege enough facts to overcome Section 230 immunity, a plaintiff's claims should be dismissed." *Dyroff*, 934 F.3d at 1097.

The three elements of § 230(c)(1) immunity are satisfied here. First, courts have repeatedly held that Amazon is an "interactive computer service" under § 230.

---

DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*See Sen v. Amazon.com, Inc.*, 2018 WL 4680018, at *5 (S.D. Cal. Sept. 28, 2018) ("Defendant [Amazon] is undoubtedly a provider of 'interactive computer services'"), *aff'd in part, vacated in part, remanded*, 793 F. App'x 626 (9th Cir. 2020); *Almeida v. Amazon.com, Inc.*, 2004 WL 4910036, at *4 (S.D. Fla. July 30, 2004), *aff'd*, 456 F.3d 1316 (11th Cir. 2006); *Free Kick Master LLC v. Apple Inc.*, 140 F. Supp. 3d 975, 983 (N.D. Cal. 2015).

As to the remaining elements, Plaintiffs' claims seek to hold Amazon liable as the "publisher or speaker" of "information provided by another information content provider." *Dyroff*, 934 F.3d at 1097 (citation & internal quotation marks omitted). Removing or restricting content falls within a publisher's traditional functions. *Barnes*, 570 F.3d at 1102 (such functions include "deciding whether to publish, withdraw, postpone or alter content") (citation & internal quotation marks omitted); *see also Ebeid*, 2019 WL 2059662, at *5 ("defendant's decision to remove plaintiff's posts undoubtedly falls under 'publisher' conduct"). Accordingly, federal courts have found § 230(c)(1) bars claims based on a website's alleged removal of third-party content. *Fed. Agency of News*, 432 F. Supp. 3d at 1119–20 (Section 230(c)(1) barred Unruh Act claim because it was "based on Facebook's decision *not to publish* FAN's content"); *see also Lewis*, 461 F. Supp. 3d at 955 (Section 230 barred claim based on YouTube's alleged demonetization of plaintiff's videos containing political and anti-feminist content); *Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1095 (N.D. Cal. 2015) (dismissing with prejudice Unruh Act claims because "Plaintiff seeks to hold Defendant liable for Defendant's decision 'whether to publish' third-party content"), *aff'd*, 697 F. App'x 526 (9th Cir. 2017).

Section 230 bars Plaintiffs' claims and demonstrates that the core of their lawsuit—alleged censorship by a private actor—is untenable. The Court should dismiss the claims with prejudice.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# V.    CONCLUSION

For these reasons, the Court should grant Amazon's motion and dismiss all claims against it.

DATED: April 26, 2023                    DAVIS WRIGHT TREMAINE LLP

AMBIKA KUMAR
SCOTT R. COMMERSON
CHELSEA T. KELLY

By:    _/s/ Ambika Kumar_____
         Ambika Kumar

Attorneys for Defendant AMAZON.COM, INC.

DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Amazon.com, Inc., certifies that this brief contains 4,651 words, which complies with the word limit of L.R. 11-6.1 and Standing Order 6(c).

DATED: April 26, 2023
                    DAVIS WRIGHT TREMAINE LLP
                    AMBIKA KUMAR

                By:    */s/ Ambika Kumar*
                       Ambika Kumar

                Counsel for Defendant AMAZON.COM, INC.

16

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899