UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JACKSON, JULIE BRIGGS, and GREGG BUCHWALTER, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TWITTER, INC., a Delaware corporation; GOOGLE, LLC, a limited liability company; ALPHABET, INC., a Delaware corporation; META PLATFORMS, INC., a corporation doing business as "META" and "FACEBOOK, INC."; INSTAGRAM, INC., a Delaware corporation; AMAZON INC., a Delaware corporation; YOUTUBE INC., a Delaware corporation; APPLE, INC., a Delaware corporation; AMERICAN FEDERATION OF TEACHERS; NATIONAL EDUCATION ASSOCIATION; NATIONAL SCHOOL BOARD ASSOCIATION; DNC SERVICES CORPORATION, a corporation doing business nationwide as, "THE DEMOCRATIC NATIONAL COMMITTEE" OR "DNC,"<br><br>Defendants. | CASE NO. 2:22-cv-09438-AB (MAA)<br><br>**[PROPOSED] ORDER GRANTING X CORP., SUCCESSOR IN INTEREST TO NAMED DEFENDANT TWITTER, INC.'S MOTION TO STRIKE CLASS ACTION CLAIMS AND ALLEGATIONS**<br><br>Date:   June 9, 2023<br>Time:   10:00 a.m.<br>Crtrm:  7B<br><br>Complaint Filed: December 29, 2022 |

# [PROPOSED] ORDER

The Motion of X Corp., Successor in Interest to Named Defendant Twitter, Inc. ("Twitter") to Strike Class Action Claims and Allegations (the "Motion") came on regularly for hearing before this Court on June 9, 2023.

The Court, having read and considered the Motion along with any opposition and reply papers as well as any oral argument submitted by the parties, and for good cause appearing, hereby orders as follows:

**IT IS HEREBY ORDERED:**

1. The Motion shall be and hereby is GRANTED.

2. Plaintiffs' class claims and allegations in the Complaint, including but not limited to paragraphs 16, 30, 31, 34-38, 47, 57, 58, 60, 79, 83-95, 382, 384-391, 393, 397-401, 404 and Prayer for Relief paragraphs 1-6, shall be and hereby are stricken pursuant to Federal Rules of Civil Procedure 12(f) and/or Federal Rules of Civil Procedure 23(d)(1)(D). *See Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1032 (S.D. Cal. 2020) ("the court may strike class allegations if the complaint plainly reflects that a class action cannot be maintained."); *see also Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (stating that under Rules 12(f) and 23(d)(1)(D), a court "has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained.").

3. Plaintiffs cannot maintain a class action because Plaintiffs cannot make a *prima facie* showing that the Federal Rule of Civil Procedure Rule 23 requirements are satisfied, and thus the class claims and allegations in the Complaint, including but not limited to paragraphs 16, 30, 31, 34-38, 47, 57, 58, 60, 79, 83-95, 382, 384-391, 393, 397-401, 404 and Prayer for Relief paragraphs 1-6, shall be and hereby are stricken alternatively or on these same grounds as well. *See Mantolete v.*

*Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *Am. W. Door & Trim v. Arch Specialty Ins. Co.*, No. CV 15-00153 BRO SPX, 2015 WL 1266787, at *20 (C.D. Cal. Mar. 18, 2015); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) ("[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery.").

**IT IS SO ORDERED.**

DATE: _____      _____
HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE