UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JACKSON, JULIE BRIGGS, and GREGG BUCHWALTER, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TWITTER, INC., a Delaware corporation; GOOGLE, LLC, a limited liability company; ALPHABET, INC., a Delaware corporation; META PLATFORMS, INC., a corporation doing business as "META" and "FACEBOOK, INC."; INSTAGRAM, INC., a Delaware corporation; AMAZON INC., a Delaware corporation; YOUTUBE INC., a Delaware corporation; APPLE, INC., a Delaware corporation; AMERICAN FEDERATION OF TEACHERS; NATIONAL EDUCATION ASSOCIATION; NATIONAL SCHOOL BOARD ASSOCIATION; DNC SERVICES CORPORATION, a corporation doing business nationwide as, "THE DEMOCRATIC NATIONAL COMMITTEE" OR "DNC,"<br><br>Defendants. | CASE NO. 2:22-cv-09438-AB (MAA)<br><br>**ORDER DENYING JOINT STIPULATION REGARDING FILING OF FIRST AMENDED COMPLAINT AND CONTINUING SCHEDULING CONFERENCE**<br><br>Complaint Filed: December 29, 2022 |

# ORDER

The Court is in receipt of the parties' Joint Stipulation Regarding Filing of First Amended Complaint and Continuing Scheduling Conference (the "Stipulation") submitted by Plaintiffs Richard Jackson, Julie Briggs, and Gregg Buchwalter (collectively, "Plaintiffs") and Defendants X Corp., successor in interest to named defendant Twitter, Inc., Meta Platforms, Inc., Instagram LLC, Google LLC, Alphabet, Inc., YouTube LLC, Amazon.com, Inc., Apple Inc., American Federation of Teachers, National Education Association, National School Boards Association, and the DNC Services Corporation (collectively, "Defendants"). The Court is also in receipt, however, of the Order of Suspension in In re Michael Reznick. The Order of Suspension, issued on May 8, 2023 and attached to this Order as Exhibit A, "orders that [Mr. Reznick] is hereby suspended from the practice of law in this Court. . ." (*See* Order of Suspension at 8.) Because Mr. Reznick is suspended from practice in the Central District of California, the Court is unable to accept the Stipulation signed by Mr. Reznick, which *inter alia*, give Plaintiffs—represented by Mr. Reznick—until May 24, 2023, to file a First Amended Complaint. Accordingly, the **STIPULATION is DENIED**. The Court nevertheless **VACATES** the Motion Hearing scheduled for June 9, 2023 and the Scheduling Conference set for June 30, 2023. The parties shall appear for a Status Conference on July 14, 2023. Mr. Reznick is **ORDERED** to share (1) this Order and (2) the Order of Suspension with Plaintiffs forthwith. Finally, there are several motions that remain pending before the Court: (*See* Dkt. Nos. 34, 41, 48, 51, 53, 55, 56.) Plaintiffs have not yet filed Oppositions. Given the lack of clarity regarding (1) whether Plaintiffs will file an Amended Complaint; (2) whether Plaintiffs will obtain new counsel, the Court will hold **IN ABEYANCE**, the pending motions.

**IT IS SO ORDERED.**

DATE: May 16, 2023

HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | AD23-00001 PSG | Date | May 8, 2023 |
|---|---|---|---|
| Title | In re Michael Reznick | | |

| Present: The Honorable | Philip S. Gutierrez, Chief United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| n/a | | n/a |

**Proceedings (In Chambers):**   Order of Suspension

On January 4, 2023, the Court issued an Order to Show Cause directing Respondent Michael Reznick to show cause why he should not be suspended from the practice of law before this Court as a result of his suspension by the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court"). Dkt. # 1. Respondent has submitted multiple responses contesting the imposition of reciprocal discipline. *See* Dkts. # 2–4, 6. Having read and considered Respondent's responses and supporting exhibits, the Court **SUSPENDS** Respondent from the Bar of this Court.

I.   Background

   A.   *In re DA & AR Hospice Care, Inc.*, No. BK21-19219 ER

Respondent was suspended by the Bankruptcy Court as a result of conduct that occurred in a bankruptcy case, *In re DA & AR Hospice Care, Inc.*, No. BK21-19219 ER ("*DA & AR Hospice Care*"), held before the Honorable Ernest M. Robles. In *DA & AR Hospice Care*, on December 14, 2021, Respondent filed a bankruptcy petition on behalf of DA & AR Hospice Care., Inc. ("Hospice"). On January 25, 2022, the court dismissed Hospice's case because it failed to timely file schedules. *Id.*

On February 23, 2022, upon application of the United States Trustee ("UST"), the court ordered Respondent and Yvette Hargrove-Brown ("Hargrove-Brown"), who signed the petition as Hospice's representative, to show cause why the bankruptcy petition was not filed in bad faith. *Id.* Respondent was also ordered to show cause why he should not be referred to the Bankruptcy Court's disciplinary panel. *Id.* In the UST's application for issuance of an order to show cause, the UST stated "that it was 'seriously concerned that the instant bankruptcy was filed in bad faith as part of a fraudulent scheme to defraud the actual owners and managers of the [Hospice],' and that '[d]espite numerous opportunities, Hargrove-Brown and [Reznick] have

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | AD23-00001 PSG | Date | May 8, 2023 |
|---|---|---|---|
| Title | In re Michael Reznick | | |

provided nothing to show that this was a legitimate bankruptcy filed in good faith.'" *Id.* (quoting the UST's application).

After evidence was presented and a hearing held, Judge Robles issued a memorandum of decision and accompanying order (collectively, the "June 2022 Order") finding that Respondent committed a fraud on the court by filing a bankruptcy petition on behalf of Hospice without authorization. *Id.* at 12–13. Judge Robles also found that the filing of the bankruptcy petition without authorization violated Federal Rule of Bankruptcy Procedure 9011[1] because Respondent had no reasonable basis to conclude he had authorization to represent Hospice. *Id.* Judge Robles referred Respondent to the Bankruptcy Court's Disciplinary Panel (the "Panel") and recommended that Respondent be suspended from practicing before the Bankruptcy Court for three years and reinstatement be conditioned on the satisfaction of certain requirements. *Id.*

On July 7, 2022, Respondent filed a notice of appeal of the June 2022 Order to the United States Bankruptcy Appellate Panel for the Ninth Circuit. BK21-19219 ER, Dkt. # 70. After receiving multiple extensions, Respondent filed his opening brief on April 19, 2023. BAP No. 22-1128, Dkt. # 22. The appeal remains pending.

B. <u>Bankruptcy Court Disciplinary Proceeding</u>

Despite being instructed to do so, *see* Dkts. # 1, 5, Respondent has not submitted the complete certified record of his Bankruptcy Court disciplinary proceeding as required by local rules. *See* Local Rule 83-3.2.3. Respondent has submitted several exhibits in support of his response to this Court's Order to Show Cause, but these exhibits do not constitute the complete certified record of his Bankruptcy Court disciplinary proceeding and Respondent has not argued that less than the entire record is sufficient. Notwithstanding Respondent's failure, the Court has reviewed the docket for the Bankruptcy Court disciplinary proceeding, including the Panel's decision imposing discipline against Respondent. The factual findings of the Panel are entitled to a "presumption of correctness." *In re Rosenthal*, 854 F.2d 1187, 1188 (9th Cir. 1988). Because Respondent has demonstrated no basis for rebutting that presumption, the Court will rely on those findings in summarizing the Bankruptcy Court disciplinary proceeding.

i. *Procedural Background*

The Bankruptcy Court disciplinary proceeding against Respondent was initiated when the June 2022 Order in *DA & AR Hospice Care*, which served as the Statement of Cause for the disciplinary proceeding, was filed with the Clerk of Bankruptcy Court. MP22-00104 BB, Dkt.

---

[1] "Rule 9011(b) imposes on attorneys, and also on unrepresented parties, the obligation to insure that all submissions to a bankruptcy court are truthful and for proper litigation purposes." *In re DeVille*, 361 F.3d 539, 543 (9th Cir. 2004). Rule 9011 parallels Federal Rule of Civil Procedure 11. *Id.* at 550 n.5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | AD23-00001 PSG | Date | May 8, 2023 |
|---|---|---|---|
| Title | In re Michael Reznick | | |

# 26 ("*Mem. of Decision*"), 10:13–16. The procedural background of the Bankruptcy Court disciplinary proceeding will not be recounted in its entirety here as it is provided in the Court's February 28, 2023 Order. *See* Dkt. # 5.

After being served with the Statement of Cause, Respondent was given an opportunity to respond to the disciplinary charges against him in writing and at multiple hearings. *See Mem. of Decision* 11:10–13:15. Respondent did not contest the proposed discipline but argued that his conduct did not constitute fraud on the court or violate Rule 9011. *See id.* On December 29, 2022, the Panel issued its decision on the Statement of Cause concluding that Respondent did not have authorization to file the bankruptcy petition on behalf of Hospice and could not have reasonably believed he did. *See generally id.* The Panel found that Respondent's conduct constituted a fraud on the court and a violation of Rule 9011, imposed the discipline recommended by Judge Robles, and ordered that its decision be served on this Court's Clerk of Court and the California State Bar. *Id.*

      ii.      Factual Background

          a.      *Clinica Medica Clinics and Nobelquest*

In 2019, Hargrove-Brown was hired by Clinica Medica General Medical Center, Inc., which was a group of medical clinics owned by Dr. David Kyle and Mike Patel ("Patel"), and she eventually became Global Administrator for the clinics. *Id.* at 4:23–5:18. Between October 14, 2021, and November 1, 2021, Hargrove-Brown signed five bankruptcy petitions with the Bankruptcy Court in her capacity as Global Administrator, which were all dismissed shortly after for failure to file schedules. *Id.* Respondent did not sign these petitions. *Id.*

Although Respondent was not involved with those five petitions, he was involved with a related bankruptcy case that involved the filing of a bankruptcy petition on behalf of Noblequest Health Foundation, Inc. ("Noblequest"). *Id.* In September 2021, a board meeting for Noblequest took place, Respondent was present for the meeting, and Hargrove-Brown was voted in as the new CEO of Noblequest at the meeting. *Id.* Subsequently, as Noblequest's purported CEO, Hargrove-Brown executed a "Retainer for Legal Services – Broad Scope" with Respondent on behalf of Noblequest, CarePlus Medical Group, and herself individually. *Id.* In December 2021, Hargrove-Brown signed a bankruptcy petition on behalf of Noblequest at Respondent's direction. *Id.* Respondent signed and filed the petition with the Bankruptcy Court, and the petition was dismissed in December 2022 for failure to file schedules. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | AD23-00001 PSG | Date | May 8, 2023 |
|---|---|---|---|
| Title | In re Michael Reznick | | |

### b. Hospice and the Bankruptcy Petition

In 2014, articles of incorporation for Hospice were filed with the California Secretary of State. *Id.* at 5:20–28. Ailene Rivera ("Rivera"), Paul Laurel ("Laurel"), and Rosalie Manuel ("Manuel") testified as to the following ownership of Hospice: Rivera—50% shareholder; Laurel—25% shareholder; and Manuel—25% shareholder. *Id.* On October 22, 2021, a Statement of Information was filed with the California Secretary of State identifying Jose De La Llana, M.D. ("De La Llana") as the CEO of Hospice. *Id.* As of March 28, 2022, the State of Information on the California Secretary of State's website listed Rivera as Hospice's CEO, Director, and Secretary. *Id.* Rivera maintained that she was the president and 50% shareholder of Hospice, she never authorized the filing of the bankruptcy petition, Respondent was not employed by Hospice as its attorney, and Respondent was not authorized to file anything on Hospice's behalf. *Id.* at 6–9. Respondent had asserted that Rivera was placed on leave during the Noblequest board meeting referenced above, but Judge Robles found that to be irrelevant because Hospice was a different entity. *Id.* at 7:25–28.

On October 29, 2021, Respondent filed a complaint in the Los Angeles Superior Court on behalf of Hospice and others against Rivera and others that alleged, among other things, that Rivera embezzled funds from Hospice. *Id.* 6:1–10. The complaint also asserted that De La Llana was the CEO, Medical Director, and controlling shareholder of Hospice. *Id.* At that time, Respondent asserted, without proof, that ownership of Hospice changed hands due to a creditor-debtor relationship. *Id.*

According to Hargrove-Brown, in early December 2021, Patel told her that Hospice was owned by Daniel Rose, M.D. ("Rose") and Rose appointed Hargrove-Brown as administrator and president. *Id.* at 8:1–5. Hargrove-Brown was then instructed by Patel and another individual to sign a bankruptcy petition for Hospice. *Id.* Hargrove-Brown signed the petition as president and Respondent signed it as counsel to Hospice and filed the petition. *Id.* at 8:17–9:2. Additionally, filed with the petition was a list of creditors in which Respondent was listed as the contact for the second and third largest creditors. *Id.* The list of creditors was a word-for-word reproduction of a list filed in a different bankruptcy proceeding. *Id.* Before the initial § 341(a) meeting of creditors, Respondent could not provide the UST with any information concerning Hospice's operations and failed to provide required documents. *Id.* at 9:3–12. At the § 341(a) meeting, Hargrove-Brown was unable to answer basic questions about Hospice's operations. *Id.* Hospice's bankruptcy petition was ultimately dismissed due to failure to file schedules. *Id.*

After representing to the court that De La Llana was the owner of Hospice, Respondent sent an email to Hargrove-Brown and others in April 2022 in which he made the following acknowledgments and admissions: (i) he had not been able to prove that Hospice was related to Noblequest; (ii) he had been told that Rose or one of his entities owned or controlled Hospice but never confirmed that; (iii) he had not confirmed that Hargrove-Brown and others were the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | AD23-00001 PSG | Date | May 8, 2023 |
|---|---|---|---|
| Title | In re Michael Reznick | | |

new management of Hospice based on a creditor-debtor relationship; (iv) he had repeatedly asked for documentation from Hargrove-Brown and others to prove the legitimacy of their management and control of Hospice; (v) he had nothing to disprove that Rivera is not the legitimate owner aside from the fact that she is not a licensed physician; (vi) he was being accused of filing a fraudulent bankruptcy petition and he had no documentation to prove otherwise; (vii) the explanation that he had been given by Hargrove-Brown and others for the lack of documentation, which was that Rivera took all the corporate records, "doesn't pass the smell test"; (viii) he had scant evidence against Rivera; (ix) he "can fix or spin" what he knows but not what is concealed from him; and (x) he noted that all he had was "thin air," which is why he needed help from everyone because he and the others on the email "all look like common criminals." *Id.* at 6:11–7:24.

### iii. The Panel's Decision

The Panel evaluated the evidence presented and concluded for several reasons that Respondent did not have authorization to file the bankruptcy petition on behalf of Hospice. *Id.* at 14:26–20:14. First, the Panel reasoned that Respondent's own statements supported the finding that he was not authorized to file the bankruptcy petition on behalf of Hospice. *Id.* at 15:1–9. Second, the Panel reasoned that Respondent did not produce any evidence that he was retained by Hospice's alleged new owners and managers, such as a retainer agreement or a corporate resolution. *Id.* at 15:10–18. Third, the Panel found that Respondent was never paid by Hospice to prepare, file, and appear at meetings or hearings on behalf of Hospice in *DA & AR Hospice Care*. *Id.* at 15:19–23. Fourth, the Panel found that Respondent's submission of the list of creditors under penalty of perjury, which was copied verbatim from another case and listed him as counsel for two of the top creditors, demonstrated his lack of concern with presenting false statements to the court:

> Although that appears to have been an (extremely reckless) error—the list of creditors was the mirror image of the creditors from a completely unrelated case—it demonstrates Respondent's complete lack of the concern that an attorney to the bar normally would have about signing false statements which corroborates that, despite his knowledge that he had not been retained by the Hospice, he was unconcerned about signing the bankruptcy petition, thereby falsely representing to the Court that he was its authorized bankruptcy attorney.

*Id.* at 16:1–7.

The Panel also rejected the arguments that Respondent raised in response to the disciplinary charges. To start, the Panel found Respondent's argument that Rivera could not be

5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | AD23-00001 PSG | Date | May 8, 2023 |
|---|---|---|---|
| Title | In re Michael Reznick | | |

an authorized representative of Hospice because she was not a physician unpersuasive. *Id.* at 17:14–21. The Panel dismissed Respondent's argument as irrelevant because even if Rivera was not authorized, that did not mean Respondent was authorized. *Id.* Next, the Panel rejected Respondent's argument that De La Llana's retainer agreement for different entities somehow conferred authority on Respondent to file the bankruptcy petition on behalf of Hospice because the retainer agreement at issue did not mention Hospice. *Id.* at 17:22–18:3.

Further, the Panel found that the Statement of Information that listed De La Llana as CEO and Secretary of Hospice, as well as every other position, was not persuasive evidence that Respondent had acted in good faith. *Id.* at 18:4–20. The Panel noted that the Statement of Information only bore De La Llana's typed signature with no verification from anyone else, so "at best it only confirms that there was a dispute between De La Llana and Rivera and her co-owners about who owned and controlled the Hospice." *Id.* The Panel found that the Statement of Information further demonstrated that, before he filed the bankruptcy petition, Respondent knew there were serious doubts as to whether he had authority to do so because, aside from De La Llana's word, there was no evidence of any transfer of ownership or control. *Id.*

The Panel concluded by filing the bankruptcy petition without authorization, Respondent had committed a fraud on the court. *Id.* at 14:26–20:14. The Panel also noted that Respondent's misrepresentation caused real harm because evidence in the record showed that the filing of the unauthorized bankruptcy petition was disruptive to Hospice and opened the door for theft of funds that were supposed to be used for hospice care. *Id.* at 16:8–17:2. Additionally, the Panel found that Respondent harmed the integrity of the judicial process by misusing the bankruptcy system. *Id.*

The Panel also concluded that, in addition to a fraud on the court, Respondent's conduct violated Rule 9011. *Id.* at 19:16–20:14. The Panel found that Respondent did not act as an objectively reasonable attorney under the circumstances. *Id.* A reasonable attorney would: (i) have confirmed the statements of De La Llana and others that they somehow gained ownership of Hospice; (ii) have confirmed that Hospice was related in some way to Noblequest and that this relationship gave the attorney authority to act on behalf of Hospice; (iii) have not moved forward with filing the bankruptcy petition on behalf of Hospice with the scant and uncredible evidence received regarding Hospice's ownership; (iv) have paused when he realized that he was listed as the contact for two of the three largest creditors; and (v) not have signed, filed, and prosecuted the bankruptcy petition to the extent that Respondent did given the lack of information to support his authority to do so. *Id.* Respondent did none of these things and, thus, the Panel found that his signing, filing, and prosecuting the bankruptcy petition was a clear violation of Rule 9011. *See id.*

The Panel noted that while it had no authority to disturb Judge Robles's findings of fact or conclusions of law, it would not do so even if it had such authority because those findings and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | AD23-00001 PSG | Date | May 8, 2023 |
|---|---|---|---|
| Title | In re Michael Reznick | | |

conclusions were supported by the record. *Id.* at 19:3–7. The Panel found Judge Robles's discipline recommendations to be appropriate and suspended Respondent from practicing before the Bankruptcy Court for three years and conditioned reinstatement on the satisfaction of certain requirements. *Id.* at 20:16–25.

  C. This Reciprocal Disciplinary Proceeding

Upon receipt of the Panel's decision and order, this Court issued an Order to Show Cause directing Respondent to show cause why he should not be suspended from the practice of law before this Court as a result of his suspension by the Bankruptcy Court. Dkt. # 1. On February 3, 2023, Respondent filed a response to the Order to Show Cause along with an appendix of supporting exhibits. Dkts. # 2 ("*Resp.*")–2-5. The next day, Respondent filed another copy of his response and a corrected appendix of supporting exhibits. *See* Dkts. # 3–4-4. In Respondent's response, he contested the imposition of reciprocal discipline and requested a stay pending the outcome of his appeal of the June 2022 Order or, alternatively, Judge Robles's ruling on a motion for reconsideration of the June 2022 Order that Respondent intends to file. *Resp.* 2:2–8, 8:1–9:26. On February 28, 2023, the Court issued an order denying Respondent's request for a stay and providing Respondent with an additional 30 days to submit further briefing. Dkt. # 5. On March 30, 2023, Respondent submitted a supplemental declaration. Dkt. # 6 ("*Reznick Decl.*").

II. <u>Legal Standard</u>

When an attorney is "suspended . . . from the practice of law by the order of any United States Court, or by the Bar, Supreme Court, or other governing authority of any State," this Court's local rules suggest that suspension is appropriate here as well. *See* L.R. 83-3.2.1, 83-3.2.3. To avoid reciprocal discipline, an attorney suspended from another court must set forth facts establishing at least one of four enumerated exceptions: (a) the procedure in the other court was "so lacking in notice or opportunity to be heard as to constitute a deprivation of due process"; (b) "there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the Court should not accept as final the other jurisdiction's conclusion(s)" regarding Respondent's misconduct; (c) "imposition of like discipline would result in a grave injustice"; or (d) "other substantial reasons exist so as to justify not accepting the other jurisdiction's conclusion(s)." L.R. 83-3.2.3; *see also In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002). The attorney has the burden to show by clear and convincing evidence that reciprocal discipline should not be instituted. *Kramer*, 282 F.3d at 724–25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | AD23-00001 PSG | Date | May 8, 2023 |
|---|---|---|---|
| Title | In re Michael Reznick | | |

III. Discussion

Respondent has failed to carry his burden. Respondent has not established by clear and convincing evidence that any of the exceptions precluding the imposition of reciprocal discipline apply. *See Kramer*, 282 F.3d at 724; L.R. 83-3.2.3. For the following reasons, the Court orders that Respondent is hereby suspended from the practice of law in this Court and denies his request for a stay or alternative relief.

A. No Deprivation of Due Process Occurred

Although Respondent does not expressly contend that he was deprived of due process, he does assert that he was unable to adequately defend against the disciplinary charges in the Bankruptcy Court disciplinary proceeding. Respondent contends this was so because some of the necessary information was protected by the attorney-client privilege and work product doctrine at the time given what may have been an attorney-client relationship with Rivera and others that he now believes no longer exists. *Resp.* 8:18–9:2; *Reznick Decl.* ¶¶ 6; 41–43. Additionally, Respondent asserts that he was further hampered in his ability to present a defense because his first retained attorney had a conflict of interest. *Resp.* 9:4–6. Even if these contentions are construed as arguments that Respondent was deprived of due process, they fail.

It is unnecessary to evaluate whether an attorney-client privilege exists or existed that prevented Respondent from presenting information to defend against the disciplinary charges because it is difficult to discern what information, if any, Respondent believes he was prevented from offering during the Bankruptcy Court disciplinary proceeding. *See generally Reznick Decl.* Indeed, many of the arguments that Respondent makes before this Court are duplicative with those he made before the Panel. Furthermore, Respondent's alleged reasons for being unable to present information in the Bankruptcy Court disciplinary proceeding were not the result of a lack of due process.

As detailed above, Respondent was provided with notice of the disciplinary charges against him and ample opportunity to be heard in the Bankruptcy Court disciplinary proceeding. Moreover, while this Court's imposition of reciprocal discipline is based on the Panel's decision to impose discipline, it is worth noting that Respondent had two opportunities to defend against the disciplinary charges: before Judge Robles in *DA & AR Hospice Care* and before the Panel in the Bankruptcy Court disciplinary proceeding. The Panel provided Respondent with the opportunity to respond, both in writing and at a hearing, and reached its own determination as to Respondent's misconduct. None of the reasons offered by Respondent as to why reciprocal discipline should not be imposed rebut the determination that he was provided with notice and the opportunity to be heard. Therefore, Respondent has failed to establish that the Bankruptcy Court disciplinary proceeding was lacking in notice or opportunity to be heard such that there was a deprivation of due process. *See, e.g., Rosenthal v. Justices of the Supreme Court of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | AD23-00001 PSG | Date | May 8, 2023 |
|---|---|---|---|
| Title | In re Michael Reznick | | |

*California*, 910 F.2d 561, 564–65 (9th Cir. 1990) (finding California's attorney discipline scheme provided "more than constitutionally sufficient procedural due process" because, among other things, it included notice and an opportunity to be heard).

    B.    <u>No Infirmity of Proof Establishing the Misconduct</u>

Many of Respondent's arguments as to why reciprocal discipline should not be imposed focus on why Respondent had actual authority to file the bankruptcy petition on behalf of Hospice and why the conclusion to the contrary was incorrect. Respondent contends that he was authorized by De La Llana to file the bankruptcy petition on behalf of Hospice and that De La Llana was the only one allowed to provide that authority citing to different documents in support, many of which were also presented to the Panel. *See Resp.* 2–6; *Reznick Decl.* ¶¶ 11–38. Respondent also again repeats his belief that Rivera[2] was not, and could not have been, the owner of Hospice when the bankruptcy petition was filed. *See Resp.* 5:12–7:20; *Reznick Decl.* ¶¶ 10–40.[3] The Court will construe these arguments as Respondent's attempt to demonstrate an infirmity of proof establishing misconduct. For the following reasons, that attempt fails.

To be clear, although this Court must examine the record of the Bankruptcy Court disciplinary proceeding to determine whether any exceptions to the imposition of reciprocal discipline apply, the Court must accord a presumption of correctness to the Panel's factual findings. *In re Rosenthal*, 854 F.2d at 1188. "Otherwise, the court would be drawn into an extensive inquiry requiring it to sit in review of" the Panel's decision, which it is without jurisdiction to do. *Id.* Thus, as it relates to the evidence concerning the disciplinary charges against Respondent, the Court's examines the Bankruptcy Court disciplinary proceeding record to determine only whether there was an infirmity of proof.

Respondent's attempt to repeat the same arguments he made to the Panel and continue to cast aspersions on Rivera do not demonstrate that the proof relied upon by the Panel was

---

[2] In his supplemental declaration, Respondent asserts that the California State Bar has investigated Rivera's claims against him since April 2021 and has been far more lenient than Judge Robles. *Reznick Decl.* ¶ 50. But Respondent does not provide any additional context or information that would aid the Court in determining the relevance of such information.

[3] Respondent also contends that the UST's assertion that Respondent filed other fraudulent bankruptcies was false. *Reznick Decl.* ¶¶ 45–49. Because the Panel's decision to impose discipline was based on the bankruptcy petition filed in *DA & AR Hospice Care*, the Court need not address this argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | AD23-00001 PSG | Date | May 8, 2023 |
|---|---|---|---|
| Title | In re Michael Reznick | | |

inadequate. As detailed above, there was significant evidence that Respondent did not have authorization to file the bankruptcy petition on behalf of Hospice and could not have reasonably believed he had authorization, regardless of Rivera's ownership of Hospice. Among other things, this evidence consisted of Respondent's own statements in his April 2022 email, the documents he filed in *DA & AR Hospice Care*, his inability to provide relevant information about Hospice's operations to the UST, and his inability to produce a retainer agreement between Hospice and himself. Thus, Respondent has not demonstrated that there was "infirmity of proof establishing the misconduct." L.R. 83-3.2.3(b).

> C. No Grave Injustice Would Result from the Imposition of Reciprocal Discipline and No Other Substantial Reasons Exist to Preclude the Imposition of Reciprocal Discipline

Respondent contends that he and his clients will be irreparably harmed if he is suspended from the Court's Bar. *Resp.* 8:18–9:2. According to Respondent, he will be irreparably harmed because a suspension order would curtail his federal court practice, including in a class action suit he commenced in this Court in December 2022—CV22-09438 AB(MAAx), *Richard Jackson, et al. v. Twitter, Inc., et al. Resp.* at 10:1–22; *Reznick Decl.* ¶ 50. *Jackson* is Respondent's only pending case in this Court. According to Respondent, the lawsuit concerns the alleged unconstitutional censorship of conservative opinions and views by social media companies and others. *Resp.* at 10:1–22. Respondent believes other lawyers in Southern California are fearful of filing a similar lawsuit or taking over the lawsuit if Respondent were to be suspended from the Court's Bar. *Id.* at 10:15–21. Respondent asserts that he has tried to find replacement counsel since January 2023 but has been unsuccessful because every lawyer he approached has said no out of fear of reprisal. *Reznick Decl.* ¶ 51. To support this argument, Respondent provides only his declaration. *See id.*

Respondent's contention concerning the alleged harm to himself and his clients is unpersuasive. As to the harm to Respondent, suspending him from this Court's Bar would not preclude him from engaging in other paid employment. As to the harm to Respondent's clients in *Jackson*, Respondent's claim that no other attorneys are willing to take over representation is unpersuasive and unsubstantiated. It is still relatively early in the litigation as many of the defendants just filed their first motions to dismiss, which are scheduled for hearings on June 9, 2023. *See* CV22-09438 AB(MAAx), Dkts. # 41, 48, 51, 55, 56. More importantly, Respondent's claim that no other attorney is willing to take on the representation lacks credibility as Respondent only provides his declaration for support. Regardless, given the seriousness of the misconduct found in the Bankruptcy Court disciplinary proceeding, which was sufficiently supported by evidence as discussed above, any concern about the difficulty of finding replacement counsel is outweighed by the risk of harm to Respondent's clients and the public if Respondent's representation is permitted to continue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | AD23-00001 PSG | Date | May 8, 2023 |
|---|---|---|---|
| Title | In re Michael Reznick | | |

Thus, Respondent has not shown that "imposition of like discipline would result in a grave injustice." L.R. 83.3.2.3(c). Additionally, for the reasons noted above, none of the arguments offered by Respondent amount to other "substantial reasons" to reject the conclusions of the Panel in the Bankruptcy Court disciplinary proceedings. L.R. 83.3.2.3(d).

  D. Respondent's Request for a Stay or Alternative Relief

As an alternative to the imposition of an immediate suspension, Respondent requests that the Court stay entry of any proposed suspension pending the outcome of his appeal of the June 2022 Order on the condition that Respondent would retain a suitable individual to monitor his activities in *Jackson* during the interim. *Reznick Decl.* ¶ 54. Respondent would also agree to refrain from filing any other cases in the district pending the outcome of his appeal. *Id.* ¶ 55. Given the seriousness of the misconduct found in the Bankruptcy Court disciplinary proceeding, any delay in imposing reciprocal discipline poses too great a risk of harm. Thus, Respondent's request for a stay or alternative relief is **DENIED**. Moreover, should Respondent's appeal of the June 2022 Order be successful and, as a result, should he be reinstated to the Bankruptcy Court Bar before his three-year suspension has expired, he may apply for reinstatement to the Bar of this Court. *See* L.R. 83-3.2.4.

IV. Conclusion

Respondent has not met his burden of showing by clear and convincing evidence that any of the exceptions precluding the imposition of reciprocal discipline apply. *See Kramer*, 282 F.3d at 724; L.R. 83-3.2.3. Accordingly, Respondent has failed to show good cause why he should not be suspended from the Bar of this Court as a result of his suspension by the Bankruptcy Court. For these reasons, it is ordered that Respondent is **SUSPENDED** from the Bar of this Court.

Respondent may apply to be reinstated to the Bar of this Court upon submission of proof that he has been reinstated as an active member in good standing of the Bankruptcy Court Bar. *See* L.R. 83-3.2.4. An attorney registered to use this Court's Electronic Case Filing System who is suspended by this Court shall not have access to file documents electronically until the attorney has been reinstated to the Bar of this Court. As to Respondent's appearance as counsel for plaintiffs in CV22-09438 AB(MAAx), *Richard Jackson, et al. v. Twitter, Inc., et al.*, the Court will defer to the presiding judge, the Honorable André Birotte Jr., as how best to handle the substitution of counsel for plaintiffs.

  **IT IS SO ORDERED.**